EDWIN L. MAGLATHLIN *vs.* ALMIRA MAGLATHLIN.

Plymouth. Oct. 22, 1884. — Jan. 8, 1885. C. ALLEN & COLBURN, JJ., absent.

At the hearing of a libel for divorce, it appeared that the libellee, the wife, committed adultery with one W. in April, 1877, she having then spent a night with him in his room. There was evidence tending to show that, between April, 1877, and March, 1883, there were rumors as to the infidelity of the libellee which came to the libellant's knowledge; that they were renewed in March, 1883, and he then employed a detective to investigate the facts; that, from the information he received, he, on April 16, 1883, filed a libel for divorce, charging the libellee with adultery with W.; that this libel was entered in court, but the summons was not served, as he was advised by counsel that he had not sufficient evidence to prove the adultery; that he thereupon sought and found the woman who kept the house where W. had his room, and she, by means of a photograph of the libellee, identified her as the woman who had spent the night with W. After he had obtained this information, the libellant continued to cohabit with the libellee until April 29, 1883, when the landlady of the house where W. had his room was brought into the presence of the libellee, and identified her, as she had previously done by photograph. The libellant then ceased to cohabit with the libellee, and subsequently brought the present libel. It appeared that no facts were brought to the libellant's knowledge on said April 29 in addition to what he already knew, except the positive personal identification of the libellee by W.'s landlady. *Held,* that it could not be said, as matter of law, that the presiding justice was not justified in finding condonation on the part of the libellant.

LIBEL for divorce, on the ground of adultery. Hearing before *W. Allen,* J., who found condonation on the part of the libellant, and dismissed the libel; and the libellant alleged exceptions. The facts appear in the opinion.

*B. W. Harris & R. O. Harris,* for the libellant.

*G. W. Wiggin,* for the libellee.

MORTON, C. J. It appeared at the trial that the libellee committed adultery with one Wilkins in April, 1877, she having then spent a night with him in his room in Boston. The defence was condonation. It was admitted that the libellant continued to cohabit with the libellee until April 29, 1883. There was evidence tending to show that, between April, 1877, and March, 1883, there were rumors as to the infidelity of his wife which came to his knowledge; that they were renewed in March, 1883, and he then employed a detective to investigate the facts; that, from the information he received, he, on April 16, 1883, filed a

libel for divorce, charging the libellee with adultery with Wilkins; that this libel was entered in court, but the summons was not served, as he was advised by counsel that he had not sufficient evidence to prove the adultery; that he thereupon sought and found the woman who kept the house where Wilkins had his room, and she, by means of a photograph of the libellee, identified her as the woman who had spent the night with Wilkins. After he had obtained this information, the libellant continued to cohabit with his wife until April 29, 1883, when the landlady of the house where Wilkins had his room was brought into the presence of the libellee, and identified her, · as she had previously done by photograph. The libellant then ceased to cohabit with the libellee, and in July, 1883, brought this libel.

It appeared that no facts were brought to the knowledge of the libellant on said April 29 in addition to what he already knew, except the positive personal identification of the libellee by the landlady.

It is not an unreasonable inference from all the testimony, that the libellant continued to cohabit with the libellee after he knew, or had reasonable and strong grounds to believe, that she had committed adultery. If the justice who heard the case so inferred, he was justified in finding condonation. *Rogers* v. *Rogers*, 122 Mass. 423. It was a question of fact for his determination, and we cannot say, as matter of law, that his finding was not justified by the evidence.

*Exceptions overruled.*