JULIA E. OSBORN *vs.* THOMAS S. OSBORN.

Worcester.　October 3, 1899. — October 19, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Divorce — Cruel and Abusive Treatment — Condonation — Law and Fact.*

At the trial of a libel for divorce, the libellant proved cruel and abusive treatment prior to and in July. She left the libellee on August 3, having cohabited with him from one to five weeks after the offence. On the evening before that day, according to her testimony, he was swearing at her because she would not get from her father money to pay his bills, the cause of his earlier abusive treatment. On August 3, he came into the room where she was, with a razor and a rope in his hands, and asked her to go with him into the dining-room. She refused, fearing that he might kill her, and went into a servant's room. He followed her, took hold of her and brought her back to where she had been, but did no more. He testified to having had subsequent conversations with her, in one of which she said that if he would go away for six or seven years and pay his bills perhaps she would live with him again, and to having given her a ring which she did not return. *Held*, that the judge was not bound to rule that the facts showed condonation, as matter of law.

LIBEL for divorce, on the grounds of cruel and abusive treatment and extreme cruelty between October 5, 1894, and August 3, 1897, inclusive. Trial in the Superior Court, before *Gaskill*, J., who ordered a decree for the libellant, on the ground of cruel and abusive treatment; and the libellee alleged exceptions. The facts appear in the opinion.

*H. Parker & J. B. Scott*, for the libellee.

*F. W. Blackmer & E. H. Vaughan*, for the libellant.

HOLMES, C. J. The libellant proved cruel and abusive treatment previous to and in the month of July, 1897. She left the libellee on August 3, 1897, having cohabited with him from one to five weeks after the offence. The only question is whether the judge was bound to rule that the facts showed condonation as matter of law. On the evening before August 3, according to the libellant's testimony, her husband was swearing at her because she would not get from her father money to pay his bills, — the cause of his earlier abusive treatment. On the third, he came into the room where she was, with a razor and a rope in his hands, and asked her to go with him into the dining-room. She refused, fearing that he might kill her, and went into a servant's room. He followed her, took hold of her and brought her back to where she had been, but did no more.

If we assume that there was a condonation conditional upon being treated thereafter with conjugal kindness, if that is a proper form of expression, (*Collins* v. *Collins*, 9 App. Cas. 205, 236, 237,) we are of opinion that the facts which we have stated warranted a finding that the condition had been broken, or, in other words, that the libellant could not live with the libellee longer with safety to person and health, especially in view of the facts that the profanity at least was due to the same cause as the former trouble, and that the judge may have found that it followed in a week. In *Phillips* v. *Phillips*, 27 Wis. 252, the language relied on was eight years after the acts of cruelty, and was explained. We do not deem it necessary to consider whether the libellant's fright, taken with the libellee's conduct on the preceding evening, was some evidence that the libellee's demeanor was such as to give reasonable grounds for fear. At least she showed the libellee that she did fear him, and he did nothing to reassure her. *Gardner* v. *Gardner*, 2 Gray, 434, 441, 442. *Rob-*

*bins* v. *Robbins,* 100 Mass. 150, 152. *Jefferson* v. *Jefferson,* 168 Mass. 456, 460.

The libellee testified to having had subsequent conversations with the libellant, in one of which she said that if he would go away for six or seven years and pay his bills, perhaps she would live with him again, to having given her a ring which she did not return, and so forth. But the judge may have disbelieved the testimony, and if he believed it, could not rule that the facts amounted to condonation as matter of law.

*Exceptions overruled.*