MARY A. DREW *vs.* EDWARD M. DREW.

Suffolk.    April 7, 1924. — September 19, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Marriage and Divorce. Probate Court,* Appeal from decree dismissing libel for divorce. *Evidence,* Privileged communication, Competency, Best evidence.

After the entry in a probate court of a final decree dismissing a libel for divorce following a hearing at which the testimony was taken by a stenographer appointed under G. L. c. 215, § 18, the libellant appealed and at her request the judge made a report of facts found by him. The record presented to this court conformed to the requirements of G. L. c. 215, §§ 9, 11, 12. *Held,* that as a matter of practice the case properly was before this court.

Where, on an appeal from a final decree dismissing a libel for a divorce after a hearing in a probate court, the record includes a full report of the evidence, which was conflicting on material allegations as to the alleged grounds for divorce, a determination by the judge that those allegations were not sustained by the evidence must be accepted as final.

At the trial of a libel by a woman for a divorce, there was evidence tending to show that the libellant freely and voluntarily had written and signed a letter addressed to one who was her attorney, directing him to cause to be dismissed an earlier libel brought by her, and that the letter contained statements tending to contradict her testimony given at the trial; that she showed this letter to her husband; that she and her husband went with this letter to the office of his attorney, where she handed it to his attorney, by whose typist it was copied, and that the original thereafter was returned to the libellant. The attorney to whom it was addressed testified that he was unable to find the original letter and the libellant denied that she wrote such a letter. *Held,* that

(1) The letter was not a privileged communication either with the libellant's attorney or with her husband, since, if the testimony was believed, the original and the copy were shown by the libellant to third persons;

(2) It was proper to admit in evidence the copy of the letter after production of the original had been shown to be impracticable;

(3) The evidence was competent because of its tendency to affect the credibility of the libellant's testimony;

(4) While the evidence was not competent as proof of irrelevant facts included in the letter, an exception to its admission should not be sustained on that ground, since there was nothing on the record to indicate that it was used for that purpose and there had been no request to limit its effect.

Where evidence is admissible on any ground, a party objecting to its admission on the ground that it might be used for incompetent ends must clearly specify such ends and ask for definite instructions with regard thereto in order to save a valid exception to the refusal of the trial court to comply with his request.

While condonation of previously existing grounds for divorce as a defence in a libel for divorce is a state of mind to be determined upon all the evidence, including rational inferences, and a single act of intercourse between the libellant and libellee does not necessarily as matter of law establish such condonation, a finding of condonation in the circumstances shown by the record in this case could not be pronounced unwarranted as a matter of law.

Where a libel for divorce does not allege any time when the alleged grounds for divorce arose, it is not error for the judge hearing the libel to restrict the time as to which evidence should be received in support of the alleged causes for divorce.

LIBEL for divorce, filed in the Probate Court for the county of Suffolk on September 7, 1923, charging that the libellee " at Boston on or about the seventeenth day of November

A. D. 1917, and on divers other days and times, was guilty of cruel and abusive treatment toward your libellant; that he has contracted gross and confirmed habits of intoxication caused by the voluntary and excessive use of intoxicating liquor; that said libellee being of sufficient ability so to do, grossly, wantonly and cruelly refuses and neglects to provide suitable maintenance and support for your libellant."

In the Probate Court, the libel was heard by *Dolan*, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the testimony. By order of the judge, a decree was entered dismissing the libel. At the request of the libellant, the judge filed a report of material facts found by him in which, among others, were the following:

" On all the evidence, I find that the libellee did not, being of sufficient ability, grossly or wantonly and cruelly refuse to provide suitable maintenance for the libellant, and that the charges of gross and confirmed habits of intoxication, and of cruel and abusive treatment are not sustained by the evidence. I further find that the libellant had intercourse with the libellee at 124 Pembroke Street, Boston, on November 25, 1923, about two months and a half after the filing of the libel for divorce, and thereby condoned the alleged actions of the libellee."

The libellant appealed.

The case was submitted on briefs.

*J. F. Hurley*, for the libellant.

*C. E. Tupper*, for the libellee.

Rugg, C.J. This is a libel for divorce brought in the Probate Court. St. 1922, c. 532, § 7. Report was made by the judge under the procedure outlined in G. L. c. 215, §§ 9, 11, 12. In general that accords with equity practice. G. L. c. 214, §§ 19, 23. *Churchill* v. *Churchill*, 239 Mass. 443, 445. By G. L. c. 208, § 33, the course of proceedings in divorce, unless otherwise specially prescribed, conforms " to the course of proceedings in ecclesiastical courts or in courts of equity." *Friedrich* v. *Friedrich*, 230 Mass. 59, 61. *Ames* v. *Hold*, 214 Mass. 77. *Greenia* v. *Greenia*, 206 Mass. 449. *Patterson* v. *Patterson*, 197 Mass. 112, 118. The case as matter of practice is before us properly.

The causes of divorce alleged in the libel are (1) that the libellee has been guilty of cruel and abusive treatment of the libellant, (2) that the libellee has contracted gross and confirmed habits of intoxication, and (3) that the libellee, being of sufficient ability, has grossly or wantonly and cruelly refused or neglected to provide suitable maintenance for the libellant.

The report of the judge narrates briefly salient facts of the married life of the parties and concludes with a finding that the charges of the libel are not sustained by the evidence and that, after the filing of the libel, the libellant had condoned the alleged marital wrongs. A decree was entered dismissing the libel. The appeal of the libellant brings the case here.

The general finding against the libellant, having been founded on oral testimony presented by witnesses in person, will not be reversed. It cannot be pronounced plainly wrong. The evidence was conflicting respecting the several causes alleged in the libel. It was for the trial judge to determine where the truth lay, having in mind the burden of proof resting upon the libellant. His determination must be accepted in these circumstances as final. *Freeman* v. *Freeman*, 238 Mass. 150, 161.

No question is open concerning the sufficiency or nature of the answer. Arguments upon that point need not be considered. There is nothing to indicate any erroneous ruling of law in this connection by the trial judge. *French* v. *French*, 14 Gray, 186. *Newman* v. *Newman*, 211 Mass. 508, 511.

There was evidence tending to show that the libellant had freely and voluntarily written and signed a letter addressed to one who was then her attorney, directing him to cause to be dismissed an earlier libel brought by her, in which were statements tending to contradict her testimony given at the trial; that she showed this letter to her husband; that she and her husband went with this letter to the office of his attorney, where she handed it to his attorney, by whose typist it was copied, and that the original thereafter was returned to the libellant. The attorney to whom it was

addressed testified that he was unable to find the original letter and the libellant denied that she wrote such a letter. The copy was rightly admitted in evidence. It was not a privileged communication with either her attorney or her husband because, if the testimony was believed, the original and the copy were shown by her to third persons. This destroyed her privilege concerning it. *Temple* v. *Phelps,* 193 Mass. 297, 304. *Sampson* v. *Sampson,* 223 Mass. 451, 458. *Lyon* v. *Prouty,* 154 Mass. 488.

A copy was properly admitted in evidence after production of the original had been shown to be impracticable. *Williamson* v. *Cambridge Railroad,* 144 Mass. 148.

The copy was admissible in evidence because of its tendency to affect the credibility of the testimony of the libellant. It was not competent as proof of irrelevant facts therein stated and there is nothing in the record to indicate that it was used for that purpose. There was no request to limit its effect. Where evidence is admissible on any ground, the objecting party must clearly specify incompetent ends for which it may be considered and ask for definite instructions in order to save a valid exception. A party is not commonly required without request by the court to state in advance the purpose for which evidence is offered.

Condonation is a state of mind to be determined upon all the evidence, including rational inferences. A single act of intercourse between the libellant and libellee is not necessarily condonation of previously existing grounds for divorce. *Gardner* v. *Gardner,* 2 Gray, 434. It cannot be said as matter of law that, under the conditions which might have been found, that act in the case at bar did not have that effect. *Rogers* v. *Rogers,* 122 Mass. 423. *Koffman* v. *Koffman,* 193 Mass. 593.

There was no error in restricting the time as to which evidence should be received in support of the alleged causes for divorce. No time was specified in the libel.

No other arguments of the libellant require discussion. No reversible error is disclosed.

*Decree affirmed.*