DORIS C. HOLSWORTH *vs.* WAYNE C. HOLSWORTH.

Norfolk.   December 10, 11, 1924. — April 17, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Marriage and Divorce*, Condonation.

At the hearing of a libel by a wife for a divorce on the ground of cruel and abusive treatment, the last offence charged in the libel was on an August 10. It appeared that, sixteen days later, the libellee took the child of himself and the libellant from the libellant in Connecticut, where she was with her mother, and returned to Massachusetts; that the libellant followed him and, for the purpose of taking the child from him and with no intent to forgive him, lived with him as his wife until September 19, when, having completed her arrangements for divorce proceedings and for securing custody of the child, she again left him. *Held*, that the conduct of the libellant constituted condonation of the offences charged in the libel and prevented the libellant from maintaining her libel, which alleged only offences previous to the acts of condonation.

LIBEL, filed in the Probate Court for the county of Norfolk on September 26, 1923, for a divorce on the ground of cruel and abusive treatment.

The libel was heard in the Probate Court by *McCoole*, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. Material evidence is described in the opinion. The libellee asked for six rulings, the sixth ruling being:

"Upon all the evidence, if any marital offence was committed by the libellee it was condoned by the libellant before the filing of the libel, and after the last offence complained of therein."

The rulings were refused. By order of the judge, a decree *nisi* was entered. The libellee appealed.

*A. M. Beale*, for the libellee.

*R. Walsworth*, (*H. F. Butler* with him,) for the libellant.

WAIT, J. The libellee appeals from a decree of the Probate Court which grants, *nisi*, to the libellant a divorce for cruel and abusive treatment. The judge has found that the

libellee was cruel and abusive as charged in the libel. His findings of fact will not be disturbed, as there was evidence which, if believed, would sustain them, and as they are not plainly wrong. *Meader* v. *Meader, ante,* 132. *Drew* v. *Drew,* 250 Mass. 41.

The only question that requires determination is whether by returning and living with her husband as his wife, the libellant has condoned the offences denounced in her libel. If the libel must be dismissed on this ground, the other objections to the decree are immaterial.

The libel bears date September 26; the order of notice was obtained October 2; and service was made October 13, 1923. An order for the custody of a minor child was made on September 26, 1923. The last act of cruel abuse was alleged to have been on August 10, 1923. On that day the libellant left her husband, taking their child, and went to her mother in Connecticut. On August 26, 1923, the libellee went to Connecticut, asked his wife to return to him, and, on her refusal, took his child back to Boston. His wife followed him, and lived with him as his wife until September 19, when, having completed her arrangements for divorce proceedings and for securing custody of the child, she again left him. Her return was for the purpose of taking the child from its father, and with no intention of forgiving her husband unless he yielded to her demands. Her conduct, nevertheless, constitutes condonation of the offences charged in the libel. The husband or wife who, knowing of a marital offence committed by the other, continues to live with that other in marital relations, condones the offence and cannot set it up as a ground of divorce, *Rogers* v. *Rogers,* 122 Mass. 423, *Maglathlin* v. *Maglathlin,* 138 Mass. 299, *Brown* v. *Brown,* 208 Mass. 290, *LaFlamme* v. *LaFlamme,* 210 Mass. 156, *Drew* v. *Drew,* 250 Mass. 41, *Keats* v. *Keats,* 1 Sw. & Tr. 334, 346, unless the continued living together is compulsory. *Gardner* v. *Gardner,* 2 Gray, 434, 441. *Leech* v. *Leech,* 12 Buch. 472. Here there was no compulsion. The vehement desire to possess the child which, in large part, underlay the return to her husband, is very different from the inability to get away from the husband owing to lack

of safe opportunity or of pecuniary means which have been held to excuse and explain, as compulsory, a continuance of the marriage relations.

The libellant was away from the husband's home. She could have secured custody of the child if entitled to it, by a speedy proceeding in the courts. For purposes of her own, deliberately pursued, she resumed her position as wife, fully cognizant of every offence which she could charge against her husband. As matter of law, she has cut herself off from maintaining successfully a libel for divorce which alleges only these offences. No conduct of the libellee in the period from August 27 until September 19, defeated the condonation.

The judge should have ruled in accord with libellee's sixth request that the offences alleged had been condoned. The decree is reversed.

*So ordered.*