JOSEPH W. RIPLEY *vs.* BERTHA RIPLEY.

BERTHA W. RIPLEY *vs.* JOSEPH W. RIPLEY.

Norfolk.    March 14, 1927. — March 17, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Marriage and Divorce*, Condonation. *Probate Court*, Findings by judge, Laches.

Condonation is a state of mind to be determined, at the hearing of a libel for divorce, as a matter of fact from all the evidence including rational inferences.

Findings, by a judge of probate at a hearing of a libel by a husband for divorce by reason of cruel and abusive treatment, upon evidence not reported, that title to the home of the parties was in the libellant; that the libellant and libellee lived separately in the home; that the libellant was a weak, debilitated old man; that his wife was healthy, robust and vigorous; that the libellant remained in his home after the last assault relied upon because he was in poor health and emaciated and had no other place to go; and that the libellant did not condone the cruel and abusive treatment on the part of the libellee by thus remaining in his home, were not inconsistent and, upon an appeal from a decree for the libellant, were not disturbed.

The mere facts, that a libel by a husband for a divorce on grounds of cruel and abusive treatment suffered in 1920, 1923 and 1924, was dated October 10, 1924, and served on the libellee on January 27, 1925, did not show delay barring its maintenance.

LIBEL, filed in the Probate Court for the county of Norfolk on January 16, 1925, for divorce on the ground of cruel and abusive treatment. Also a

PETITION for separate maintenance, filed in the same court on March 13, 1926, by the libellee against the libellant.

In the Probate Court, the cases were heard together by *McCoole*, J. Material facts found by the judge are stated in the opinion. By order of the judge a decree *nisi* of divorce, and a decree dismissing the petition for separate maintenance were entered. The libellee and petitioner appealed.

The case was submitted on briefs.

*W. N. Cronin*, for Bertha W. Ripley.

*J. J. McAnarney*, for Joseph W. Ripley.

RUGG, C.J. This is a libel for divorce by a husband against his wife, and a petition for separate support by the wife against the husband. The cases were tried together on the merits. The judge of probate found as a fact that the wife had been guilty of cruel and abusive conduct and ordered a decree in favor of the husband in each case. The reported facts amply support this conclusion, and, the evidence not being reported, it will not be disturbed.

The argument of the wife that the libellant condoned her marital offences cannot be supported. The finding upon this point is: "I further find that title to the home was in the libellant; that said libellant and libellee lived separately in said home; that the libellant was a weak, debilitated old man; that his wife was healthy, robust and vigorous; that the libellant remained in his own home after the October assault [the last assault relied upon] because he was in poor health and emaciated and had no other place to go. I further find upon the evidence that the libellant, by remaining in his home, did not condone the cruel and abusive treatment on the part of the libellee." "Condonation is a state of mind to be determined upon all the evidence, including rational inferences." *Drew* v. *Drew*, 250 Mass. 41, 45. It commonly is a question of fact. A finding by the tribunal hearing oral testimony will not be disturbed unless it is plainly wrong. There are here no facts inconsistent with the general finding. *Gardner* v. *Gardner*, 2 Gray, 434, 440, 442. *Cumming* v. *Cumming*, 135 Mass. 386. *Smith* v. *Smith*, 154 Mass. 262. *Osborn* v. *Osborn*, 174 Mass. 399.

The acts of cruelty occurred in the years 1920, 1923, and 1924. The libel was dated October 10, 1924, and served on the libellee on January 27, 1925. This delay in bringing the libel does not bar its maintenance.

The requests for rulings were denied rightly.

*Decrees affirmed.*