SIDNEY R. VINTON *vs.* CLARA H. VINTON.

Suffolk.   November 29, 1927.— June 6, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Marriage and Divorce,* Connivance.   *Probate Court,* Appeal, Findings by judge.

At the hearing of a libel by a husband for divorce on the ground of adultery, findings were warranted that the libellant desired a divorce so that he might marry another woman, and that he did nothing to prevent his wife from committing adultery, hoping to take her in such an act, and also that conduct on his part in unjustifiably leaving her on two occasions when he knew her to be chaste, and depriving her of means of support, was a contributory cause which facilitated an alleged act of adultery by his wife; and a decree dismissing the libel on the ground of connivance was affirmed.

LIBEL, filed in the Probate Court for the county of Suffolk on November 22, 1926, for a divorce on the ground of adultery.

The libel was heard by *Prest,* J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence.

The judge filed a report of material facts found by him. In addition to the facts stated in the opinion, the judge found that the libellant for some time previous to the filing of the libel "had the strongest possible desire" for a divorce and hoped his wife would commit adultery because he had an interest in another woman and saw no other way to get rid of his wife; that about a year before filing the libel he persuaded his wife to convey her interest in certain real estate to the other woman, retaining in his possession the proceeds, and thus taking from his wife all her property; that, although he believed his wife to be chaste, he twice left her without justifiable cause and without adequate means of support in the hope and expectation that she would commit adultery; that the conduct of the wife which was the basis of the libel occurred a few weeks after he left her the second time; that before leaving her that time he had employed detectives to watch her, but discovered no misconduct on her part; that on discovering his wife and another man on the occasion mentioned in the opinion in improper relations he said nothing to his wife and did not accuse either of them of misconduct, but gave the other man a cigarette and a match, doing this to show his wife "that he did not care"; and that the wife stated at the time the libel was served on her that "she would not have done it if her husband had not left her."

By order of the judge, a decree was entered dismissing the libel on the ground of connivance by the libellant. The libellant appealed.

*O. Storer,* (*E. S. Crockett* with him,) for the libellant.

*N. E. Conley,* for the libellee.

WAIT, J. The decree from which the libellant appeals is based upon a finding that he connived at an act of adultery on the part of the libellee, and dismisses the libel which set up the adultery as ground for divorce. The libellant does not deny that the decree is proper if the finding is correct, but contends that neither the evidence nor the law sustains the finding.

This court will not overturn the findings of fact made by the Probate Court in a proceeding for divorce unless they are plainly wrong. *Drew* v. *Drew,* 250 Mass. 41, 44. There

is no dispute that the libellant, desiring a divorce, hoping to take his wife in an act of adultery and, intending to do nothing to prevent it, lay hidden while the co-respondent, whose business it was to deliver ice at dwellings, visited, ate, conversed and danced with her in her home, and that he appeared before the guilty couple only when he believed them to be in actual intercourse. These facts alone with the inferences to be drawn from them are not sufficient to justify a finding of connivance. *Wilson* v. *Wilson,* 154 Mass. 194. *Robbins* v. *Robbins,* 140 Mass. 528. We do not agree with the statement of Sir C. Cresswell in *Boulting* v. *Boulting,* 3 Sw. & Tr. 329, 335, "a willing mind, this is all that is necessary." The rule established by our decisions is that connivance, to constitute a defence in divorce, involves action which facilitates the commission of the act of adultery, something which smooths "the path to the adulterous bed." *Wilson* v. *Wilson, supra. Robbins* v. *Robbins, supra. Noyes* v. *Noyes,* 194 Mass. 20. *Leavitt* v. *Leavitt,* 229 Mass. 196. *Morrison* v. *Morrison,* 136 Mass. 310. In the three cases last cited, there was evidence of conduct which assisted and carried forward the plans of the adulterers to a successful conclusion by something other than mere failure to oppose and thwart them. In them, it was held that connivance had been shown which precluded divorce.

We need not recite at length the evidence here presented. What took place immediately upon the discovery of the wife's transgression, considered in the light of the admitted desires of the libellant, will support the inference which the judge made, that his contribution to the event went beyond the part of spectator to that of manager. The case stands upon the border line of connivance; but we think it is governed by *Morrison* v. *Morrison, Noyes* v. *Noyes,* and *Leavitt* v. *Leavitt,* rather than by *Robbins* v. *Robbins* and *Wilson* v. *Wilson, supra.*

*Decree affirmed.*