JULIA GILES *vs.* CHARLES E. GILES.

Middlesex.     April 5, 1932. — June 27, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Marriage and Divorce,* Condonation. *Probate Court,* Findings by judge.

At the hearing in a probate court of a libel in which a woman sought a divorce on the ground of cruel and abusive treatment, the judge found that "certain charges of cruelty were sustained which would have warranted a decree of divorce." It appeared that at the time of the alleged treatment the parties occupied a house owned by them as tenants by the entirety. The libellant testified that for twelve days after the last time the libellee attempted to strike her she continued to live in the house and occupied the same room with her husband but a separate bed, and during that period took steps to find a place to go and on the twelfth day moved out, taking with her the furniture and furnishings which had belonged to her before the marriage. The judge found and ruled that the libellant had condoned the acts of cruelty for the sole reason that she "continued to live in the same house with the libellee and occupy the same bedchamber, although not the same bed, for a period of ten days after the last act of cruelty charged and proved, and that no sufficient reason appeared in evidence why she could not have abandoned the libellee's dwelling at an earlier day had she seen fit so to do." On appeal by the libellant, it was *held,* that

(1) Upon the undisputed evidence and with no evidence whatever of a resumption of any marital relations between the parties, a finding was not warranted that the libellant had condoned the acts of cruelty which the judge found warranted a decree for divorce;

(2) It could not properly have been ruled that the libellee had sustained the burden of proof resting upon him to show condonation by the libellant.

(3) The decree was reversed and a decree *nisi* on the ground of cruel and abusive treatment was ordered entered for the libellant.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on December 19, 1930.

In the Probate Court the libel was heard by *Harris*, J. Material evidence and findings and rulings by the judge are stated in the opinion. The libel was ordered dismissed and the libellant appealed.

The case was argued at the bar in April, 1932, before *Rugg*, C.J., *Crosby*, *Wait*, & *Donahue*, JJ., and afterwards was submitted on briefs to all the then Justices.

*J. M. Raymond*, for the libellant.

*C. S. Walkup, Jr.*, (*J. B. Sly* with him,) for the libellee.

CROSBY, J. This is a libel for divorce by a wife against her husband on the ground of cruel and abusive treatment. The parties were married on September 27, 1927; they were each about sixty years of age, both had been previously married, and the libellant had a son by a former marriage, but the parties had no children by this marriage. They lived together in Cambridge and Medford in this Commonwealth, and while so living in Medford they occupied a house owned by them jointly as tenants by the entirety.

The charges of cruel and abusive treatment were sufficient to authorize a decree in favor of the libellant and the trial judge so states in his report. The libellant testified that from November 26, 1930, which was the last time the libellee attempted to strike her, until December 8, 1930, she continued to live in her house and occupied the same room with her husband but in a separate bed; that after the last time he tried to strike her she took steps to find a place to go and moved out on December 8, taking with her the furniture and furnishings which had belonged to her before she married the libellee, and she arranged to place them in storage.

The judge found that "certain charges of cruelty were sustained which would have warranted a decree of divorce," but he also found that she had condoned the acts of cruelty for the sole reason that she "continued to live in the same house with the libellee and occupy the same bedchamber, although not the same bed, for a period of ten days after the last act of cruelty charged and proved, and that no sufficient reason appeared in evidence why

she could not have abandoned the libellee's dwelling at an earlier day had she seen fit so to do."

Although at common law the right to possession of the house during the joint lives of the husband and wife is in the husband, *Voigt* v. *Voigt*, 252 Mass. 582, *Licker* v. *Gluskin*, 265 Mass. 403, she was rightfully occupying it with him during coverture including the period from November 26, 1930, until December 8, 1930, when she moved out. No question respecting the husband's right of possession is here involved. There is no evidence or contention that there was any resumption of marital relations between the parties after November 26, 1930, the last time that he attempted to strike her.

This court has said that "Condonation is a state of mind to be determined upon all the evidence, including rational inferences." *Drew* v. *Drew*, 250 Mass. 41, 45. It commonly is a question of fact. A finding of the trial judge, hearing oral testimony, will not be disturbed unless plainly wrong. *Ripley* v. *Ripley*, 259 Mass. 26, 27. Upon the question of condonation it is not disputed that the libellant continued for about ten or twelve days to live in the house, and at night during that time she occupied a separate bed in the same room with the libellee. It was said by Dewey, J., in *Gardner* v. *Gardner*, 2 Gray, 434, at pages 441–442: "Condonation is not so easily to be inferred against the wife, from her cohabitation, as it might be against the husband. . . . The state of the respective parties differs materially in their opportunities of at once withdrawing from the scene of discord and violence. Forbearance for a season may be not only a justifiable, but a necessary step on the part of the wife; and when shown to have been so, no condonation of acts of extreme cruelty is to be inferred from such cohabitation. But any condonation by the wife of cruelty to her on the part of the husband is upon the explicit condition that he will hereafter treat her with conjugal kindness; and any breach of this condition revives the right to maintain a libel for the original offence." There was no evidence in the case at bar which would

warrant a finding that the libellant had forgiven her husband for his cruel and abusive treatment; on the contrary it could have been found that after she left the house and removed her furniture she called him on the telephone and told him in substance that she could no longer stand his treatment, and was leaving. This testimony was corroborated by the libellant's son who was listening and recognized the libellee's voice, and, if believed, tended to prove that the libellant did not intend to condone the libellee's cruel and abusive treatment of her.

At the close of the evidence the libellee filed the following request for ruling: "Upon all the evidence, if any marital offence was committed by the libellee it was condoned by the libellant after the last offence complained of in said libel." The judge ruled in accordance with this request and ordered the libel dismissed, subject to the libellant's appeal.

Upon the undisputed facts and with no evidence whatever of a resumption of any marital relations between the parties a finding was not warranted that the libellant had condoned the acts of cruelty which the judge found warranted a decree for divorce. See *Smith* v. *Smith*, 154 Mass. 262, 266; *Osborn* v. *Osborn*, 174 Mass. 399, 401; *Ripley* v. *Ripley*, 259 Mass. 26; *Coan* v. *Coan*, 264 Mass. 291; *Burke* v. *Burke*, 270 Mass. 449, 454.

It could not properly have been ruled that the acts of cruelty on the part of the libellee were condoned by the libellant. The burden of proof rested upon the libellee to show that the libellant had condoned his cruel and abusive treatment. *Drew* v. *Drew*, 250 Mass. 41, 44. When, as here, it appears upon the undisputed evidence that the libellant occupied a room in the house of which she was a joint owner with the libellee, who also occupied a separate bed at night in the same room for ten or twelve nights, and there was no evidence whatever that there had been any resumption of marital relations between the parties during this time, a finding or ruling of condonation was not warranted as matter of law. The case of *Holsworth* v. *Holsworth*, 252 Mass. 133, is distinguishable in its facts from the case at bar.

It follows that the order dismissing the libel is reversed, and a decree *nisi*, on the ground of cruel and abusive treatment, is to be entered in favor of the libellant.

*Ordered accordingly.*