FREDERICK C. ADAMS *vs.* WILLIAM M. SILVERMAN & others.

Suffolk.    December 9, 1931. — June 29, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Equity Pleading and Practice*, Findings by judge, Waiver of defence, Appeal, Order of judgment by Supreme Judicial Court.    *Equity Jurisdiction*, To reach and apply equitable assets.    *Supreme Judicial Court.*

This court, considering on appeal contradictory evidence taken by a stenographer appointed under G. L. c. 214, § 24; Equity Rule 29 (1926), at the hearing of a suit in equity in the Superior Court, *held*, that the questions, whether a note given to the plaintiff by the defendant was given upon conditions, whether there was breach of such conditions, if any, by the plaintiff, and whether the defendant was indebted to the plaintiff, were questions of fact, on which the findings by the trial judge did not appear to be clearly wrong.

If, in a suit in equity under G. L. c. 214, § 3 (7), to reach and apply in payment of indebtedness due to the plaintiff from the defendant property of the defendant which cannot be reached to be attached or

taken on execution in an action at law, the defendant answers to the merits and proceeds to trial without raising the question whether the bill is cognizable in equity, and the trial judge finds that the defendant is indebted to the plaintiff but that the plaintiff has failed to prove the existence of property of the defendant which cannot be attached or taken at law, and a decree is entered ordering the payment of the debt by the defendant, from which he appeals, he cannot contend in this court that the bill should be dismissed for want of jurisdiction in equity.

Upon such an appeal, this court, after determining that the findings by the trial judge were not erroneous and that the efficient administration of justice required that the plaintiff should not be compelled to institute a new proceeding at law to secure judgment, *ordered* that the plaintiff might amend the suit in equity into an action at law against the defendant and that thereupon judgment should be entered therein for the plaintiff in the sum found due, with costs.

BILL IN EQUITY, filed in the Superior Court on December 11, 1929, with a common law writ in trustee process dated December 2, 1929, against William M. Silverman, Joseph L. Hermanson, National Shawmut Bank and National Rockland Bank.

The bill is described in the opinion. The suit was heard by *Bishop*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). The plaintiff discontinued against the defendant Hermanson. An interlocutory decree was entered dismissing the bill as against the defendants National Shawmut Bank and National Rockland Bank. The judge found that the defendant Silverman was indebted to the plaintiff in the sum of $12,000 with interest and ordered the entry of a final decree directing that the defendant pay such sum to the plaintiff. Such a decree was entered by order of *Qua*, J. The defendant Silverman appealed.

*M. Witte*, for the defendant Silverman.

*W. L. Allen*, (*A. Robinson* with him,) for the plaintiff.

RUGG, C.J. This suit in equity was begun by trustee writ in which the National Shawmut Bank was named as trustee. The National Rockland Bank was subsequently made a party defendant. It is alleged in the bill in substance that the defendant Silverman (hereafter termed the defendant) (1) owes the plaintiff the amount of a promissory note

with interest thereon, (2) is a member of the firm of Hermanson and Silverman, who as copartners carry an account with the defendant National Shawmut Bank, (3) owns certain shares of stock in the defendant National Rockland Bank, which cannot be reached in an action at law, and (4) has no sufficient means of satisfying any judgment which the plaintiff may recover unless his interests set forth in the bill can be reached and applied in payment of his debt. Prayers in the bill are (a) that the indebtedness of the defendant to the plaintiff be established; (b) that the interest of the defendant in the account in the name of Hermanson and Silverman be established and applied in satisfaction of such indebtedness; and (c) that the interest of the defendant in shares of stock in the National Rockland Bank be determined and likewise applied. The bill manifestly is framed under G. L. c. 214, § 3 (7), and is brought to reach and apply in payment of indebtedness due to the plaintiff from the defendant property of the latter which cannot be reached to be attached or taken on execution in an action at law. The defendant in his answer (1) admitted making a note but pleaded ignorance whether the copy annexed to the bill is a copy of the note signed by him and called upon the plaintiff for proof, (2) admitted the allegations in paragraph 2, (3) denied those in paragraph 3, and (4) neither admitted nor denied those in paragraph 4 and called for proof. He further answered that, if the plaintiff should prove that the note was signed by him as alleged, it was signed under certain terms and conditions well known to the plaintiff and that the plaintiff, regardless of these terms and conditions, committed a breach of all of them. The defendant also answered that there was a failure of consideration. He did not plead in any form that the bill was not cognizable in equity. The National Rockland Bank and the National Shawmut Bank each filed a separate answer putting in issue the allegations of the bill affecting it.

The case was tried in the Superior Court without the framing of jury issues. The trial judge found as facts that the defendant signed the note for a valuable and adequate consideration; that nothing had been paid on it; that the

plaintiff was the holder thereof; that at the time of the service of the writ upon the National Shawmut Bank as alleged trustee it held no funds of the defendant subject to attachment; that at the time of the service of the subpoena upon the National Rockland Bank the defendant had no right, title or interest in the stock of that bank; and that the defendant "appeared and answered to the merits and the case was fully tried upon the merits." The finding was for the plaintiff for a specified sum. A decree was entered dismissing the bill as to the two banks without costs. Final decree was entered ordering the defendant to pay the face of the note and interest and costs to the plaintiff. The appeal of the defendant brings the case here.

The defendant has argued at length that the finding of the trial judge establishing the debt from the defendant to the plaintiff was not warranted by the evidence. The evidence as reported has been examined with care. Although it is the duty of this court in an equity appeal to decide the case on its own judgment, under the familiar rule, the findings of fact made after hearing the oral testimony of witnesses by the trial judge in a suit in equity will not be reversed on appeal by this court upon examination of a transcript of all the evidence, unless they appear to be plainly wrong. There was at the trial no contention that the note set forth in the plaintiff's bill as the basis of alleged indebtedness was not signed by the defendant. It appears that the plaintiff was a stockbroker to whom the defendant owed sums of money for shares of stocks purchased on his order. The note was given in connection with an adjustment of the amount of that indebtedness. The defendant testified that the plaintiff as a part of the transaction whereby the note was given agreed to carry the defendant's account in the autumn of 1929 "until such time as the market conditions were better," and that there was such breach by the plaintiff of the agreement and conditions on which the note was delivered as to constitute a failure of consideration. The testimony by the plaintiff was in the main diametrically opposite to that given by the defendant touching the essential points in controversy. Whether the indebtedness existed as alleged and whether

there was delivery of the note upon any conditions whatso-
ever, presented pure questions of fact. Whether the testi-
mony of the plaintiff and the supporting circumstances were
to be given credence, was in the first instance entirely for
the determination of the trial judge. The evidence need not
be recited. There is no reason to doubt the soundness of the
finding made. There is no ground for the contention that so
far as material to the decision of the case the trial judge was
confused as to the distinction between original want of con-
sideration for the note and subsequent failure of considera-
tion, which is pointed out in *Hodgkins* v. *Moulton*, 100 Mass.
309. The finding on this point is not plainly wrong.

The defendant contends that upon these findings the bill
must be dismissed, for the reason that jurisdiction in equity
in a case of this nature depends upon the existence of prop-
erty of his which cannot be reached to be attached or taken
on execution in an action at law, that averments to that
effect are jurisdictional, must be proved as laid, and, since
there was failure of proof in those particulars, he is entitled
to a decree in his favor notwithstanding the fact that with-
out objection he has tried out on its merits the claim of the
plaintiff against him and has failed to sustain his defence
and has been found to be indebted to the plaintiff. He relies
upon the decision in *Hoshor-Platt Co.* v. *Miller*, 190 Mass.
285, 287. That was a case under the reach and apply
statute; the defendant specifically denied in his answer that
he had assets or securities in the hands of the other defend-
ants which could not be reached at law. At the hearing he
offered, to support this averment of his answer, evidence
which was excluded subject to his exception. While that
decision held that a proceeding under this statute is not in
itself a subject of equitable jurisdiction, and that averments
that the bill is brought to reach and apply in payment of the
debt property of the debtor which cannot be reached to be
attached or taken on execution in an action at law are juris-
dictional and must be proved as laid, and that if there is
failure of proof in this respect the bill must be dismissed, it
also held that "The objection may indeed be waived, either
by filing a bond to pay the amount of any indebtedness that

may be established and thus dissolving the equitable attachment . . . or in any other way in which a defendant may waive the objection that a plaintiff in equity has a plain, adequate and complete remedy at law. But here this ground of defence was set up in Miller's answer; he never waived it, but endeavored to support it by offering evidence . . . ."

It is a general principle of practice in this Commonwealth that a defendant in a suit in equity, by answering to the merits and proceeding to trial, waives the defence of want of equity. *Driscoll* v. *Smith,* 184 Mass. 221, 223. *Bauer* v. *International Waste Co.* 201 Mass. 197, 201. *Ryan* v. *Annelin,* 228 Mass. 591. *Reynolds* v. *Grow,* 265 Mass. 578, 581. *Baskes* v. *Cushing,* 270 Mass. 230, 232. *Nelson* v. *Belmont,* 274 Mass. 35, 39. In some of these cases the want of equity was apparently as great as in the case at bar. In *Brown* v. *Floersheim Mercantile Co.* 206 Mass. 373, there was no service of process on the defendant and it did not appear voluntarily. The case could not in these circumstances have been tried on its merits. The plaintiffs therefore were bound to make out a cause under the statute without aid from the defendant, and the trial court, having found that the property sought to be reached could be attached on trustee process, the bill was dismissed. In *Bennett* v. *Sweet,* 171 Mass. 600, the defendant was a nonresident, not served with process, who appeared specially to object to the jurisdiction. The property sought to be reached was not subject to that process and the bill was dismissed. In extending somewhat the scope of previous decisions in applying the provisions of G. L. c. 214, § 3 (7), for the relief of creditors, reference was made in *Orange Hardware Co.* v. *Ryan,* 272 Mass. 413, at page 417, to "the remedial spirit of the statute." There is strong argument to the effect that, notwithstanding *Stone Leather Co.* v. *Henry Boston & Sons, Ltd.* 234 Mass. 477, the defendant waived his right to contest the jurisdiction of the court in this proceeding. That argument, however, need not be further tested because on another ground the defendant is not entitled to a decree in his favor.

This court may, under G. L. c. 231, § 124, "if satisfied that it has before it all the facts necessary for determining the question in dispute, direct that such judgment or decree be entered or that such other action be taken as shall accord with the determination of the full court." This provision is applicable both to suits in equity and to actions at law. G. L. c. 231, § 144.

The plaintiff had a right to select the court in which to attempt to enforce his claim against the defendant. (Compare G. L. c. 212, § 4, and G. L. c. 218, § 19, as most recently amended by St. 1929, c. 316, § 1.) He chose the Superior Court. That court has general jurisdiction of all civil actions both at law and in equity, with exceptions not here material. In this proceeding the defendant, if he had so desired, might have had a trial by jury on the issues raised by the allegations of the bill to establish his indebtedness to the plaintiff. *Stockbridge* v. *Mixer*, 215 Mass. 415. The trial of that issue would have been in the same court, whether held by a judge sitting without or with a jury. He did not seek a trial by jury on that issue and must be held to have waived it. If an action at law had been brought against him in the Superior Court by the plaintiff for the cause of action to establish the indebtedness set forth in the present bill, the defendant would have had no greater right to a trial by jury than would have been accorded him in the present proceeding if he had asked for it seasonably. Therefore the defendant has had the question of his liability to the plaintiff on the note established in the same court which would have adjudicated that question in an action at law. The same principles of law have been applied. *Stockbridge* v. *Mixer*, 215 Mass. 415, 418; *S. C.* 227 Mass. 501, 510. The defendant has had the additional advantage in the present proceeding of securing a decision by this court on its own judgment of the evidence, in effect a retrial of the issues of fact heard and decided by the trial court. In an action at law he could by exception secure from this court only a decision whether there was any evidence to support the finding. *Moss* v. *Old Colony Trust Co.* 246

Mass. 139, 143–144. The finding of the judge is that the case has been fully tried on its merits. A reading of the evidence, which is printed in full in the record, shows that this finding is amply justified. The defendant having had before a court of competent jurisdiction one full and fair trial, untainted by any substantial error, ought not to have another trial. The issue ought to be regarded as settled. *Pepper* v. *Old Colony Trust Co.* 268 Mass. 467, 471, and cases cited. In these circumstances it would be an unnecessary burden, both to the parties and to the Commonwealth, to order a decree dismissing the bill and to require the plaintiff to bring a new proceeding by action at law, in order to procure a judgment on his debt against the defendant. Such procedure would not be an efficient or fair administration of justice. That result is not necessary under our law.

The court has full power to allow an amendment changing a suit in equity into an action at law. G. L. c. 231, §§ 55, 125. *Kerr* v. *Whitney*, 224 Mass. 120. It also is clothed with ample authority to allow an amendment at this stage in order to make process and pleadings conform to the proof. G. L. c. 231, §§ 51, 125. *Pizer* v. *Hunt*, 253 Mass. 321, 331–332. *Shapiro* v. *McCarthy*, 279 Mass. 425. If satisfied that it has before it all the facts necessary for determining the question in dispute, this court may direct the entry of the appropriate judgment or decree. *Loanes* v. *Gast*, 216 Mass. 197, 199–200. *Fratta* v. *Rosetti*, 277 Mass. 98, and cases collected.

The case at bar calls for the exercise of these powers. We have the whole case before us. The ultimate result which ought to be reached is plain. The means for bringing that result to pass are at hand. The decree dismissing the bill as to the National Rockland Bank and the National Shawmut Bank, without costs, is affirmed. When decree to that effect, after rescript, shall have been entered, the plaintiff may amend this present suit in equity into an action at law against the defendant. When that amendment has been allowed, judgment shall be entered for the plaintiff in ordinary course for the sum of $12,000, with

interest at the rate of ten per cent from December 2, 1929, the amount found to be due by the trial judge, together with all costs of the entire proceedings.

It becomes unnecessary to consider the plaintiff's motion to dismiss the defendant's appeal.

*Ordered accordingly*