CHARLES E. GILES *vs.* JULIA G. GILES.

Middlesex.     November 6, 14, 1935. — February 25, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Equity Pleading and Practice*, Waiver of defence, Amendment. *Equity Jurisdiction*, Remedy at law, Suit between husband and wife.

If a plaintiff in a suit in equity does not raise by demurrer or answer a defence that a counterclaimant has an adequate remedy at law, but proceeds to a hearing on the merits of that claim, such defence is waived.

A counterclaim by a wife for a loan to her husband before marriage was heard in a suit in equity between the husband and wife, and there was a finding for the wife, but a decree was entered adjudging the claim not enforceable because of her coverture and dismissing it without prejudice. After that decree was affirmed on appeal and after rescript the wife was allowed to amend her answer by alleging her divorce

from the husband after the original decree and the court then, having found that there had been such divorce, properly ordered entered a decree in her favor based on the former finding for her on the merits of her counterclaim.

BILL IN EQUITY, filed in the Superior Court on January 30, 1931, by a husband against his wife, and described in the opinion.

The suit previously was before this court, as reported in 279 Mass. 284, after a hearing by *Broadhurst*, J., who found for the defendant upon the merits of her counterclaim but caused to be entered a decree dismissing the bill, and dismissing the counterclaim without prejudice because of coverture. Further proceedings in the Superior Court before *Broadhurst*, J., are described in the opinion. The plaintiff appealed from a decree for the defendant.

*C. S. Walkup, Jr.*, for the plaintiff, submitted a brief.

*J. M. Raymond*, for the defendant.

RUGG, C.J. The plaintiff brought this suit in equity against the defendant, who was then his wife, seeking to recover certain of his personal property alleged to have been taken by her. By an amended answer the defendant alleged by way of cross bill or counterclaim that prior to the marriage she lent the plaintiff $10,000, which had never been repaid. At that trial the issue as to the personal property of the plaintiff was adjudicated. It was held that the defendant could not recover against the plaintiff under her amended answer because of coverture. *Giles* v. *Giles*, 279 Mass. 284.

After rescript but before the entry of any final decree after rescript, the defendant filed a third amendment to her answer setting up divorce between the parties and alleging that coverture is no longer a bar to her counterclaim and praying for relief. The plaintiff answered setting up among other matters that the defendant now has a complete remedy at law. The case then came on for hearing before the same judge who had heard the case at its earlier stage in 1931. At this hearing it appeared that the parties had become divorced. *Giles* v. *Giles*, 279 Mass. 469. Accordingly there is no longer any bar of coverture

to prevent the defendant from maintaining her claim for $10,000 lent by her to him. The trial judge made these findings: "I find that the trial held in 1931 before me was a full and complete hearing on the merits of the question of the loan from the defendant to the plaintiff set up by paragraph 6 of the answer as amended. The amendment to the answer setting up this claim was offered and allowed at the beginning of the trial, without objection. Evidence was offered by both parties on the issues so raised, without objection from the plaintiff. No suggestion was made that the hearing on the issues raised by paragraph 6 of the answer should be confined to the question of the capacity of the defendant to maintain the claim. It was not so confined, but full opportunity was given to both parties to present all evidence they desired on the merits of the claim. After my findings, rulings, and order for decree, dated December 18, 1931, were filed, the plaintiff claimed an appeal to the Supreme Judicial Court, but abandoned this appeal. That appeal was based in part at least on an exception to the exclusion of certain evidence offered by the plaintiff on the issue of whether the transaction in question was a loan or a gift. After failing to object to the allowance of the amendment which set up the claim on the loan, after failing to object to there being a trial on the merits, but on the contrary proceeding with the same and producing evidence on that issue, after failing to object to the receipt of evidence offered on this issue by the defendant, and after abandoning his appeal from my former findings, rulings, order and decree, the plaintiff cannot now be heard to make the claim that the remedy at law is adequate or that the matter was not pertinent to the bill. . . . I reaffirm my former findings to the effect that the defendant loaned the plaintiff $10,000 in August, 1927, and that nothing has been repaid thereon, either interest or principal. I further find that the plaintiff is indebted to the defendant in the amount of $10,000 with interest thereon at the rate of six per cent per annum from November 19, 1931, the date of the filing of the amended answer setting up the defendant's claim thereon,

the defendant having waived all claim to interest prior to that date. A decree is to be entered adjudicating the amount of the indebtedness, ordering the plaintiff to pay the same to the defendant, and dismissing the plaintiff's bill."

The appeal of the plaintiff from a final decree entered in conformity to this order brings the case here.

The finding of the trial judge that at the earlier hearing before him there was a full and complete hearing on the question of the loan from the defendant to the plaintiff must be accepted as final. The evidence is not reported. The only question raised by the appeal on this point is whether that conclusion is necessarily inconsistent with subsidiary findings. *Tait* v. *Downey,* 267 Mass. 422, 425. *Columbian Insecticide Co. of Boston* v. *Driscoll,* 271 Mass. 74, 77. *Peabody* v. *Dymsza,* 280 Mass. 341, 343. *Milne* v. *Walsh,* 285 Mass. 151. It is manifest that there is no such inconsistency in the case at bar. The hearing on this branch of the case could only have related to the question whether there was such a loan as matter of fact. The question of law on which the decision finally turned, namely, that the defendant could not prevail because of coverture, required no evidence. Confessedly the parties were then husband and wife.

The defence of the plaintiff that this was not cognizable in equity ought to have been made when the amendment to the answer was offered by the defendant. *Dearth* v. *Hide & Leather National Bank,* 100 Mass. 540, 543. In any event, the point should have been raised seasonably by demurrer or answer. *Edgett* v. *Palmer,* 225 Mass. 377, 379. The plaintiff filed no such pleading and took no such position. He proceeded to the trial on the merits. That constituted a waiver of such a defence. *Martin* v. *Murphy,* 216 Mass. 466, 468. *Reynolds* v. *Grow,* 265 Mass. 578, 580–581. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 609, and cases cited.

At the time of the earlier hearing the remedy of the defendant at law was not open because of coverture. It

was while that condition existed that the hearing was had. The finding could not then be made effective because of that bar. That bar has now ceased. It is familiar practice to allow amendments to pleadings in order to make the statement of the cause of action conform to the evidence and proof and to changed conditions. *Pizer* v. *Hunt,* 253 Mass. 321, 331, and cases collected. *Adams* v. *Silverman,* 280 Mass. 23, 29–30. *Thayer* v. *Shorey,* 287 Mass. 76, 80. In view of numerous decisions of this nature, the contention of the plaintiff to the effect that a finding not necessary to the determination of a case can in no event be a proper basis for future action is untenable. *Fisher* v. *Doe,* 204 Mass. 34, 39. *Bourbeau* v. *Whittaker,* 265 Mass. 396, 400. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 54. *Bucholz* v. *Green Bros. Co.* 290 Mass. 350. The plaintiff cannot now complain of the result. He accepted the issue as to the loan from the defendant to him as one of fact at the earlier trial. If he thought there was error in that trial, he should have taken steps to remedy it at that time or abide by the consequences of an adverse decision.

It was proper to grant relief to the defendant on her answer in view of the changed conditions whereby the bar of coverture to her recovery of the money lent by her to the plaintiff had been removed. Where the disability of a party to maintain a suit has been cured, there is commonly no reason why the cause should not proceed to final adjudication. *Kershaw* v. *Kelsey,* 100 Mass. 561, 563. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458. *Bradford* v. *French,* 110 Mass. 365, 367. *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593, 596.

Although the relief now to be granted to the defendant is a money judgment, such as would be available in an action at law, it is familiar practice to grant such relief in an equity proceeding in appropriate cases. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 47. *Adams* v. *Silverman,* 280 Mass. 23, 29. Final relief in equity should be adapted to the facts existing at the time of the

entry of the decree. Amendments to that end are common. *Bauer* v. *International Waste Co.* 201 Mass. 197, 203. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9.

*Final decree affirmed.*