AMELIA BULKOWSKI *vs.* ANTHONY W. BULKOWSKI.

Middlesex.    October 6, 1949. — December 2, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Marriage and Divorce,* Condonation.

A libel by a wife for divorce properly was dismissed where she contended that adultery on her part had been condoned but it appeared that an offer by the husband to forgive the adultery had been conditional upon her returning to him and resuming marital relations, and that she had refused to do so.

LIBEL, filed in the Probate Court for the county of Middlesex on May 11, 1948.

The case was heard by *Leggat, J.*

*A. R. Kingston,* for the libellant.

*H. C. Freedman,* for the libellee.

COUNIHAN, J.   In the Probate Court a libel for divorce was dismissed and the judge made a report of material facts. G. L. (Ter. Ed.) c. 215, § 11. The evidence is not reported. The case comes here on the appeal of the libellant. The only issues raised are whether or not the libellee condoned admitted misconduct on the part of the libellant and, if there was condonation, whether or not it was subject

to a condition precedent that the parties should resume their marital relations.

The judge found that the libellant filed a prior libel in the same court upon which a decree nisi was entered on July 12, 1946. Subsequently, on January 2, 1947, before that decree became absolute, it was vacated on the petition of the libellee upon evidence that, while he was overseas in military service, she gave birth to a child of which he was not the father. At the hearing on the present libel the libellant admitted the truth of that accusation. Since the libellee's return from service, the parties have never lived together but he has frequently visited her home to see their children. On several of these occasions he was guilty of cruel and abusive treatment which would have entitled her to a decree nisi in this case. The judge further found, however, that there was no condonation of the libellant's conduct which was the basis for revocation of the decree nisi on the earlier libel. The libellee has repeatedly attempted to effect a reconciliation with his wife and has stated to her that he freely forgave her for all that had happened in the past, and that he wanted to become reconciled and live together as husband and wife. He denied that he condoned the acts of his wife and said that he only forgave her if she would return to him. He made the same offer during the hearing in this case. She refused to return to live with him.

We discover no error of law. The facts reported would sustain findings that any condonation was conditional upon resumption of marital relations and that the condition was not fulfilled. *Drew* v. *Drew,* 250 Mass. 41, 45. *Ripley* v. *Ripley,* 259 Mass. 26, 27. *Burke* v. *Burke,* 270 Mass. 449, 454. *Quigley* v. *Quigley,* 310 Mass. 415, 417.

*Decree affirmed.*