ADDIE B. ROGERS *vs.* FREDERICK O. ROGERS.

Suffolk. Mar. 29. — April 3, 1877. AMES & LORD, JJ., absent.

On a libel for divorce on the ground of adultery of the husband, there was evidence that the husband, upon his wife's discovery that he had contracted a venereal disease, and upon being charged with unfaithfulness, admitted it, in general terms, to be true; that the wife had no knowledge and was not informed of the particulars of his adultery in time, place or person with whom the offence was committed or its frequency; and that the wife after her discovery and before their separation several times occupied the same sleeping room with her husband; that there were prior acts of adultery of which the wife knew nothing until after the filing of her libel. *Held*, that the evidence would warrant a finding that she had condoned all his acts of adultery.

LIBEL for divorce, charging adultery by the libellee on or about May 1, 1872, and at divers other times, with persons to the libellant unknown.

Hearing before *Ames*, J., who allowed a bill of exceptions in substance as follows: The parties were married in New York city, on October 28, 1862, and had resided in Boston some years before the filing of the libel. In May, 1872, the libellant became suspicious, from various indications, that her husband had contracted a venereal disease; upon being charged with having been unfaithful to her, he admitted it, in general terms, to be true; and it was proved that he had such a disease about that time, that he did not contract it from her, and that he had had adulterous connection with some other woman or women. The parties continued to live under the same roof, but, except on two or three occasions, occupied separate sleeping rooms, until August 6, 1875, at which time they separated, and ever since have con-

tinued separate. It was proved that, several times between the two dates above mentioned, they had occupied the same sleeping apartment.

The libellant, when she discovered the condition her husband was in, in 1872, had no knowledge of the particulars as to his adultery, either as to time or place, or as to the person or persons with whom he had committed that crime, or as to the frequency or infrequency of his misconduct in that respect; and she was not informed and had no knowledge whatever upon that subject, except what she could infer from the existence and the nature of the disease and his confession.

The judge found as a fact in the case, that the libellee had also been guilty of adultery in the years 1868 and 1869; but this fact was not known to the libellant till after the libel was filed.

The judge ruled that the evidence warranted the finding, and found as a fact, that there had been a condonation by the libellant of her husband's adultery, including that which occurred in 1868 and 1869, and that she was not entitled to a divorce. The libellant alleged exceptions.

*H. H. Smith*, for the libellant.

*C. W. Turner*, for the libellee.

COLT, J.   Condonation, when relied on as a bar to an application for a divorce, implies some knowledge of the offence committed, and some degree of belief in its existence. When sufficient grounds for the inference are presented in the facts proved in their ordinary effect upon the mind, such knowledge is presumed. *Anon.* 6 Mass. 147. But forgiveness of one act is not forgiveness of other acts of which the forgiving party had neither knowledge nor reasonable ground of belief; nor does readiness to forgive a single offence imply willingness to forgive a life of profligacy. Whether the condonation in any given case is to be confined to one or more acts, or is to have a broader effect so as to include all past offences, is a question to be decided by the language and conduct of the parties, in view of the facts then known or reasonably suspected by the forgiving party. *Durant* v. *Durant,* 1 Hagg. Eccl. 733. *D'Aguilar* v. *D'Aguilar,* 1 Hagg. Eccl. 773, 786. It is not necessary, when the terms of the condonation indicate an intention to forgive,

without inquiry, all previous injury, that there should be actual knowledge of each distinct offence; it is enough if full forgiveness is granted upon well founded belief. *Keats* v. *Keats*, 1 Sw. & Tr. 334, 346.

In the case at bar, the libellant knew that her husband had been unfaithful. Upon her discovery of a venereal disease contracted by him, he admitted to her in general terms his want of fidelity. It does not appear that she made inquiries as to particulars of time, place or person with whom the offence was committed; nor does it appear that he refused to disclose how long his unfaithfulness had continued, or of how many acts it consisted. It is not claimed that any falsehood or concealment was practised upon her after the discovery.

There is some evidence in all this that the wife, taking for granted the worst kind and degree of unfaithfulness in her husband, and forbearing to inquire into its details or extent, chose at once to forgive it all. When the knowledge of the adultery is general, and not of any particular act, and the forgiveness is general, it cannot be applied to any one act more than to all.

The justice of this court before whom the case was tried found as a fact that there had been a condonation by the wife of the adultery charged in her libel, and that she was not entitled to a divorce. There was evidence sufficient to warrant this finding. *Exceptions overruled.*