MERRILL v. MERRILL.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. DIVORCE—CONDONATION—BURDEN OF PROOF.
    Where, in an action for divorce, condonation of adultery is relied on as a defense, though the answer does not set it up, the burden is on defendant to sustain such issue.

2. SAME—EVIDENCE.
    Where the evidence shows that on denial of the husband of any offense against the wife she relied on his faithfulness, and continued to live with him, it is no proof of condonation where, on thereafter learning that his statements were false, she left him, and began suit for divorce.

Appeal from special term, Kings county.

Action by Laura W. Merrill against Frank O. Merrill. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Griffin, for appellant.
William E. Cook, for respondent.

HATCH, J. This is an action brought by the wife to obtain a divorce a vinculo on the ground of adultery. The proof on the part of the plaintiff tended to establish, and the court found, the commission of adultery by the defendant; but the court also found that such offense was condoned, and upon such ground directing a judgment in favor of the defendant dismissing the complaint. This is the only question requiring consideration in the case. The evidence upon which the court based its finding of condonation was undisputed. It appeared that the defendant had committed adultery with the wife of one Johnson, and the latter, having his suspicions aroused that his wife had committed adultery with the defendant, visited the latter's house, and, in the presence of the plaintiff, charged him with such offense. This charge the defendant strenuously denied, but admitted that he had seen Johnson's wife, and identified her photograph; also his business card, which Johnson had produced. He further stated that some other man was personating him. He then offered to do all that he could do

to assist Johnson in discovering who such person was. It is quite evident from the testimony that the defendant's denials of improper intercourse with Johnson's wife had a reassuring effect upon Johnson, for, as Johnson states, he shook hands with the defendant when leaving the house, while the testimony of the plaintiff is, in terms, that she then believed her husband had not been guilty of marital infidelity, and was satisfied with his denial as made to Johnson at that time. This interview occurred about June, 1895, and thereafter the plaintiff continued to reside and cohabit with the defendant as his wife until September, 1898. During this period of time she testified that her husband assured her he was not guilty of any offense with the wife of Johnson, and upon one occasion informed her that he had met Johnson upon the street, that the latter shook him by the hand, and apologized for the mistake which he had made in coming to the house on such an errand, as he had found the right man. In 1898 the brother-in-law of the plaintiff handed her some newspaper clippings having reference to the defendant's improper relations with Mrs. Johnson. The brother-in-law, with the plaintiff's assent, prosecuted inquiries concerning defendant's relations with Mrs. Johnson, and subsequently discovered the fact of his infidelity with her. Thereupon plaintiff left the defendant's house, and immediately began this action to procure a divorce.

The court based its finding of condonation by the wife of the husband's offense upon the information which the plaintiff received from Johnson at the time of his visit to the house in June, 1895. We are of opinion that this evidence is insufficient to sustain such finding. It may be observed that the plaintiff is bound to negative the fact of the forgiveness of the offense on account of which she seeks relief, and is undoubtedly required to make proof of such matter where there is a default in appearance on the part of the defendant. McCarthy v. McCarthy, 143 N. Y. 235, 38 N. E. 288. But where an appearance and answer are interposed, and condonation is relied upon, good pleading requires that it should be averred by way of defense. Smith v. Smith, 4 Paige, 432. The public interest in matrimonial actions, however, requires the court to take note of the condonation of the offense if it appears in the proof, and refuse the relief in a proper case. But where it is relied upon as a defense, as it appears to have been in this case, although the answer did not set it up as matter of defense, the burden was upon the defendant of sustaining such issue. Todd v. Todd (N. J. Ch.) 37 Atl. 766. It is well settled by authority that there can be no condonation or forgiveness of the commission of adultery unless the party condoning has knowledge of the offense, or of such facts as fairly import that she should have known. The provisions of section 1758 of the Code of Civil Procedure in terms provide: "The forgiveness may be proved, either affirmatively, or by the voluntary cohabitation of the parties, with the knowledge of the fact." When, therefore, cohabitation is relied upon to establish the condonation, the knowledge of the person that the offense has been committed must be established; and where the

husband claims the benefit of such act as establishing forgiveness of his offense, the court should be quite careful not to give him the benefit of such act, unless it appear with reasonable clearness that the wife had knowledge of the wrong. It is an established rule of law that the husband may not be held to have condoned an offense of the wife, even though he be informed by her that she has committed an offense; and this rule proceeds upon the ground that he may not make use of such confession as evidence, and, in consequence, he may continue to cohabit with the wife until possessed of knowledge which will enable him to legally establish the offense. Such was the rule of the early English cases (Elwes v. Elwes, 1 Hagg. Consist. 269, 292), and has been adopted in this country (Uhlmann v. Uhlmann, 17 Abb. N. C. 236). It is equally well settled that condonation is not so readily presumed against the wife as it is against the husband (Durant v. Durant, 1 Hagg. Ecc. 733, 752), and this rule has been adopted in this country (Shackleton v. Shackleton, 48 N. J. Eq. 364, 369, 21 Atl. 935). In the last case it appeared that the wife, who was claimed to have condoned the offense, believed at the time of her cohabitation that the husband was guilty of infidelity, but she was nevertheless without any proof to support it, and the court held the cohabitation insufficient to establish condonation. Bish. Mar., Div. & Sep. § 298; Hoffmire v. Hoffmire, 7 Paige, 60. The uniform rule is that some knowledge must exist, sufficiently substantial upon which to base a belief, and usually there must also be some means of making legal proof of the commission of the offense, before condonation will be implied from cohabitation. Rogers v. Rogers, 122 Mass. 423; Maglathlin v. Maglathlin, 138 Mass. 299.

Applying these rules to the present case, it is quite clear that the burden of proof to establish the condonation rested upon the defendant, and it is equally clear that the evidence was insufficient for such purpose. The affection on the part of the wife which had induced her to enter into the marital relation, and the mutual confidence which such relation implies, make us quite ready to believe—indeed, require it—that the wife, instead of being suspicious of the husband when the charge of infidelity was made against him by Johnson, was justified in relying upon the denial of her husband; and in the interest of domestic harmony, and the proper confidence which ought to exist between husband and wife, it will be assumed that she accepted such denial in good faith, implicitly relied thereon, and dismissed the subject from her mind as unworthy of finding lodgment therein. The denial and protestations of the husband, coupled with his expressions of good will towards Johnson, evidently had the effect of disabusing Johnson's mind of the suspicion of any improper relations between the defendant and Mrs. Johnson. He was clearly satisfied that there was a mistake of persons, and shook hands with the defendant when he left the house,—an act which no self-respecting man would have done had he believed that the individual had debauched his wife. If the defendant could produce this state of mind in Johnson, already suspicious, it is the irresistible inference that the

plaintiff's belief in the innocence of her husband was most natural. Her continued cohabitation with him after this time, therefore, can in no view be relied upon as establishing forgiveness of the offense. She had no belief in its existence, had no knowledge of the fact, and had not the slightest proof upon which she might then act; and to charge her, under such circumstances, with forgiveness of the offense, is to carry the doctrine of condonation beyond the bounds of reason. When her suspicions were aroused, she did what she had a legal right to do,—sought to find evidence which would not only satisfy her mind, but would be of sufficient strength to permit of the assertion of her legal rights. As soon as this knowledge came to her, she acted promptly, thereby indicating that she had never intended to condone the offense which her husband had committed. It follows from these views that the judgment of the court finding a condonation of the offense may not be supported.

The judgment should be reversed, and a new trial granted. All concur.