THOMPSON v. THOMPSON.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

DIVORCE—DEFENSES—PLEADING.

Under rule 72 of the General Rules of Practice, requiring that the first three obstacles to the granting of a divorce prescribed by Code Civ. Proc. § 1758, be negatived by the plaintiff by affidavit or else by allegations of the complaint in cases of default, but not requiring proof negativing the fourth ground, to wit, that plaintiff is also guilty of adultery, the court was not authorized, in an uncontested case, to refuse a judgment for plaintiff on the ground that evidence brought out by the court showed that plaintiff was guilty of adultery, such defense being required to be pleaded.

Hooker and Miller, JJ., dissenting.

Appeal from Special Term, Richmond County.

Action by Augustus Thompson against Mary Thompson. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and judgment directed for plaintiff.

The action was for an absolute divorce, and the defendant did not answer or appear.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

J. Travis King and Sidney F. Rawson, for appellant.

GAYNOR, J. The plaintiff proved that he married the defendant in 1873, and that thereafter she lived with one Ziegler as his wife until he died, and had several children by him, and that thereafter she lived with one Hudson as his wife, and was doing so when this action was begun. The learned trial justice found these facts, but nevertheless gave judgment for the defendant, on the ground that meanwhile the plaintiff had married and lived with another woman, which fact the learned justice presiding brought out himself. In answer to his questioning, the plaintiff testified that he was a soldier; that he was sent West (where he fought under General Custer) in 1873; that he married the defendant the day before; that he did not return until 1883, and was then told by his relatives that she was married to the said Ziegler; that he searched for her but was unable to find out where she was; that in 1904 he learned from her brother that she was living with the said Hudson as his wife; that the said brother could not tell him where she lived; that he made a new search for her and found her living in the state of New Jersey, and obtained of her an affidavit that she was married to Ziegler in 1879 and had four children by him, that Ziegler died in 1895, and that she was married to Hudson in 1899, and that she had never obtained a divorce from the plaintiff; that thereupon the woman whom the plaintiff had married brought a suit against him to annul their marriage on the ground of his said previous marriage, and obtained a judgment of annulment; that thereupon the plaintiff brought this action for absolute divorce against his said first wife.

The learned justice below had no right to deny judgment to the plaintiff. The fact that he had committed adultery was a defence

to be pleaded, and could not be lawfully proved in the case unless so pleaded. That courts have no right, on the score of public morality, to permit adultery of the plaintiff to be proved in a contested case unless it be pleaded as a defence, is not to be so much as disputed. McCarthy v. McCarthy, 143 N. Y. 235, 38 N. E. 288; Lowenthal v. Lowenthal, 157 N. Y. 236, 51 N. E. 995. How, then, can it be suggested that it may be proved and used by the court itself as a defence in an uncontested case? Public morality can no more require it in the latter case than in the former.

Section 1758 of the Code of Civil Procedure prescribes four obstacles to the granting of a divorce. They are not available unless pleaded as defenses. Cases, supra. But rule 72 of the General Rules of Practice requires that the first three of them be negatived by the plaintiff by affidavit (or else by allegations of the complaint) in cases of default, but no such proof negativing the fourth, viz., that the plaintiff is also guilty of adultery, is required. No Judge trying an undefended case is free to extend such rule to the said fourth obstacle. That would result in lack of that uniformity which the Code provision and the Rules establish for all cases. Except for the said rule none of the said obstacles would have to be negatived.

The judgment should be reversed and judgment directed for the plaintiff.

WOODWARD and RICH, JJ., concur. HOOKER and MILLER, JJ., dissent, being of the opinion that in an uncontested divorce case the court has the power to refuse a decree upon any of the four grounds specified in section 1758 of the Code of Civil Procedure.