JAMES B. ABBOTT, Plaintiff, *v.* ALICE H. ABBOTT, Defendant.

Supreme Court, Erie County, May 3, 1928.

**Husband and wife — divorce — testimony to sustain defense of condonation, improbable — plaintiff was entitled to deny acts relied upon to constitute condonation and is entitled to have judgment for divorce — (Civ. Prac. Act, §§ 349, 1153) — child left in custody of mother.**

In this action for divorce, testimony by the defendant to sustain a claim of condonation, to the effect that though she was living apart from plaintiff, cohabitation was a monthly occurrence, did not establish the defense of condonation since the story shows an unusual, if not improbable condition of affairs.

Since plaintiff was entitled to deny the acts relied upon to constitute condonation, which he did, he should have a judgment for divorce. (Civ. Prac. Act, §§ 349, 1153.)

The child of the marriage may remain in the custody of the mother, since he has always lived with her, but since he is able to support himself, no allowance will be made for him.

ACTION for divorce.

*Layton H. Vogel,* for the plaintiff.

*Philip Catalano,* for the defendant.

NOONAN, J. This is an action for an absolute divorce upon statutory grounds. The parties were married July 3, 1907, and one child, a son, was born June 1, 1908. He has always lived with defendant.

The parties lived together for about ten years and then, for some reason not disclosed, they separated, but the plaintiff continued to pay defendant, semi-monthly, money for the support of the child. These payments were usually made where the defendant lived or at the store where she worked, and were continued until this action was commenced in January, 1925.

The defendant put in an answer denying the allegations in the complaint as to adultery, set up the defense of abandonment by the plaintiff and demanded a judgment of separation from bed and board with proper provisions for the support of herself and son. Upon the trial the defendant prevailed, and thereafter a judgment was entered dismissing the plaintiff's complaint upon the merits, and granting the defendant a separation with alimony. From this judgment an appeal was taken and the appellate court (220 App. Div. 809) reversed said judgment, with the following memorandum: "Judgment reversed on the facts and a new trial granted, without costs of this appeal to either party. Finding of fact No. 4 disapproved and reversed. Although we are of the opinion that the adultery of the defendant was proved by the preponderance of the

evidence, the defense of condonation remains undetermined. On another trial condonation may be established to the satisfaction of the court. We, therefore, deem a new trial necessary."

Upon the retrial the defendant asked that the issue of adultery be decided by a jury. This was done, and there was duly submitted to a jury the following specific questions: " No. 1. Did the defendant, on or about the 3rd day of February, 1922, commit adultery with one Leo C. Behringer at 490 Prospect Avenue in the City of Buffalo, New York? No. 2. Did the defendant commit adultery with one Leo C. Behringer at divers times and places during the years 1920, 1921 and 1922? "

The jury answered both questions in the affirmative, leaving only the question of condonation to be considered. This is an affirmative defense and the burden is upon the defendant to sustain this issue. (*Merrill* v. *Merrill,* 41 App. Div. 347, citing *Todd* v. *Todd,* 37 Atl. 766.)

In February, 1922, while defendant was living apart from her husband at 490 Prospect avenue, he received a letter from the landlord complaining of her conduct. She knew about the letter and may have read it. From her own testimony it appears that she neither admitted nor denied its charges, but did say that she had had trouble with the landlord about the rent and that he was trying to get even with her. It is also apparent from her testimony that the plaintiff did not then believe the charges in the letter. He did not begin an action for divorce, but talked of prosecuting the landlord for sending such a letter through the mail. In this situation there could be no condonation by subsequent cohabitation. " The uniform rule is that some knowledge must exist sufficiently substantial upon which to base a belief, and usually there must be some means of making legal proof of the commission of the offense before condonation will be implied from cohabitation." (*Merrill* v. *Merrill, supra,* citing *Rogers* v. *Rogers,* 122 Mass. 423; *Maglathlin* v. *Maglathlin,* 138 id. 299.)

After the letter from the landlord had been discussed by the parties hereto, their former mode of living continued. On her direct examination the defendant claimed that the first cohabitation, after the separation, was at her home in October, 1924, and then again in the following November and December, when plaintiff came to her home to leave money, but on cross-examination she admitted that it had been practically a monthly occurrence since their separation, and that such cohabitation was always at her home in the morning, never at night. This story shows an unusual if not improbable condition of affairs. Why should parties who are so friendly in sex relations be living apart? Her defense

is also weakened by the fact that her testimony on this trial is inconsistent with that given on the first trial, and I am not impressed with its probative force.

It was proper for the plaintiff to deny the acts relied upon to constitute condonation. (Civ. Prac. Act, §§ 349, 1153.) This he has done, and his story seems to me to be the most reasonable.

Upon all the evidence in the case I think the defendant has failed to establish her defense of condonation, and, therefore, the plaintiff is entitled to a judgment of divorce from the defendant.

As the only child of the marriage has always lived with defendant, she may have him in her custody during the remainder of his minority, but as he is able to support himself, no allowance will be made for him.

Let findings and judgment be prepared accordingly.