BEATRICE BREHM, Appellant, v. GEORGE F. BREHM, Respondent.

First Department, January 30, 1942.

*Murray K. Parker*, for the appellant.

*Spies & Spies*, for the respondent.

PER CURIAM. This is an action for absolute divorce brought by the wife against her husband. The answer consists of a general denial and a defense and counterclaim which alleges that the plaintiff has a husband living from whom she has not been divorced and that, therefore, the respondent is entitled to an annulment and a dismissal of the complaint.

At the opening of the trial it was established that the defendant was in default for non-payment of counsel fee and alimony. The appellant's counsel then moved for a stay of all affirmative proceedings on the part of the defendant including the prosecution of his alleged counterclaim. Defendant's counsel thereupon stipulated that he had withdrawn the counterclaim and would defend the action on the plaintiff's complaint only. The defendant was the sole witness who attempted to contradict the proof offered with regard to his adultery and his testimony was so unsatisfactory as to be incredible. The defendant further offered evidence in support of a claim of condonation. Condonation had not been pleaded and defendant was under a stay disabling him from amending his pleadings to set up this affirmative defense, which in effect is a direct attack upon the plaintiff. Under the particular circumstances of this case it was error to receive this evidence and thereafter to amend the answer so as to set up condonation as an affirmative defense.

The judgment should be reversed, with costs, and judgment should be granted for plaintiff as prayed for in the complaint, with costs, and with an allowance of alimony at fifteen dollars per week.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment unanimously reversed, with costs, and judgment granted for plaintiff as prayed for in the complaint, with costs, and with an allowance of alimony at fifteen dollars per week. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.