Order modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: When, on the argument of the motion, defendant admitted plaintiff’s residence in Monroe County, the only basis remaining for a change of venue was convenience of witnesses. Despite that defendant resides in Chenango ■ County, the parties were married there, the adultery pleaded was alleged to have been committed in that county, the Special Term was justified in denying defendant’s motion because her moving papers are insufficient (for excellent form of affidavit with copious notes, see 3 Abbott’s Practice and Forms [3d ed.], p. 2138). From the admission of the defendant in her answer that the issue of the marriage was but one child, Jean, and her failure to deny that another child was born to her on September 22, 1946, it is evident, despite the denial in the answer of the adultery that defendant’s motion papers disclose no defense to this action except condonation. This is not pleaded. It is an affirmative defense and must be pleaded in order that testimony to establish that defense may be given. (McCarthy v. McCarthy, 143 N. Y. 235; Lowenthal v. Lowenthal, 157 N. Y. 236; Merrill v. Merrill, 41 App. Div. 347; Brehm v. Brehm, 263 App. Div. 289.) If the answer be hereafter amended to plead condonation, it seems reasonably clear that the witnesses to prove same would be residents of Chenango County. We therefore conclude that the order should be modified to give leave to this defendant, upon the amendment of her answer to plead condonation, to renew her motion for a change of venue for the convenience of witnesses, upon other and sufficient papers. All concur, except Dowling, J., not voting. (The order denies defendant’s motion to change the place of trial from Monroe to Chenango County in an action for an absolute divorce.) Present — Dowling, Harris, McCum, Larkin and Love, JJ.