Louis B. Heller, J.
In this action for divorce on the ground of defendant’s alleged adultery, plaintiff moves to amend the complaint to plead an additional cause of action based upon abandonment. Defendant wife has appeared and answered by counsel and the action is now on the calendar of this court awaiting trial. No papers have been submitted in opposition to this application.
The action was commenced in March, 1965, prior to the enactment of the “ Divorce Reform Law ”, chapter 254 of the Laws of 1966. At the time the action was initiated, only adultery was a recognizable ground for divorce, pursuant to section 170 of the Domestic Relations Law then in effect. As of September 1, 1967, section 170 was revised and the grounds for divorce were expanded to include (subd. [2]) “The abandonment of the plaintiff by the defendant for a period of two or more years.”
Plaintiff alleges that his wife abandoned him ‘ ‘ in the fall of 1945” and that the abandonment continues to this date. Section 210 of the Domestic Relations Law, as here relevant, provides:
“Limitations on actions for divorce and separation. No action for divorce or separation may be maintained on a ground which arose more than five years before the date of the commencement of that action for divorce or separation except where:
“ (a) The defendant has abandoned the plaintiff and defendant has not resumed living with plaintiff.”
The 1966 Report of the Joint Legislative Committee of the Legislature which culminated in the proposed Wilson-Sutton Bill for Marital Law Reform included a recommendation (§ 213) identical to that eventually passed (§ 210) with respect to abandonment. The basis for this proposal is stated on page 98 of the report: “ The Committee proposes to retain the existing five year statute of limitations as to the bringing of divorce actions Domestic Relations Law, § 171 (3). However, the Committee has eliminated application of the statute of limitations in those cases where there has been a continuous abandonment in excess of five years, thus eliminating the trap that Coyne v. Coyne, 297 N. Y. 927 and Berkely v. Berkely, 142 N. Y. S. 2d 273 lay for the unwary.” (N. Y. Legis. Doc., 1966, No. 8, p. 98.) In Coyne v. Coyne (297 N. Y. 927, supra), plaintiff’s argument that the limitation should properly be computed from the latest act of adultery resulting from the continued cohabitation between the errant spouse and another woman was rejected by both the Appellate Division and the Court of Appeals. The Joint Legislative Report discloses that the purpose of the new pro *174 vision was to avoid this inequitable result with respect to the abandonment and the final bill, as enacted, adopted the proposal without change.
Accordingly, I must accept the statutory provision excepting abandonment from the five-year limitation as a binding expression of the Legislature’s view that this is a continuing offense which in effect deems each additional day a fresh violation of the marital obligations. I do not believe that adoption of this view in the case before me conflicts with the rules of construction in regard to retroactivity of so-called remedial legislation (see Walker v. Walker, 155 N. Y. 77, 82). Sweeping claims for retroactivity covering this new legislation have been advanced by .some writers (see Gershenson, “ A Brief for Retroactivity ”, N. Y. L. J. July 24, 1967, July 25, 1967). However, there are serious questions as to whether these claims are justified by the legislative intent as disclosed in the Joint Legislative Report or the Report of Proceedings before the Senate in the debate on April 26, 1966. I do not therefore at this time feel that the principles and rules of law involved in this case should be extended beyond the facts before me.
There is, of course, no question about the power of this court to permit amendment of pleadings. The statute mandates that ‘ ‘ Leave shall be freely given upon such terms as may be just ’ ’ (CPLR 3025). However, the validity of plaintiff’s claim or the sufficiency of the proposed pleading are matters which need not and are not determined at this point (Vatis v. Vatis, 18 A D 2d 936; Martin v. Katz, 15 A D 2d 767).
The motion is therefore granted. The action is deemed ‘ ‘ commenced ” within the meaning of section 215-c of the Domestic Relations Law as of the date of the entry of the order hereon. Plaintiff shall conform to all requirements governing conciliation in divorce actions. The court realizes that directing the parties to undertake conciliation proceedings may be an idle gesture under the circumstances of this case, but the statute must be observed as it is presently constituted. An amended complaint shall be served 120 days after the commencement of the action or expiration of conciliation proceedings, whichever period is less.