Louis B. Heller, J.
This is an undefended action for divorce. The action was initiated by personal service upon defendant on September 15, 1967 of a summons with an indorsement *728 thereon that “ The object of this action is for an absolute divorce ” and that “ The relief sought is a decree of divorce.” In accordance with section 211 of the Domestic Relations Law, no complaint was served with the summons.
Defendant failed to appear in response to a notice from the Conciliation Bureau and has made no other appearance or answer in this action. Following certification by the Conciliation Commissioner that there existed no necessity for the conciliation procedures, the matter was placed upon the Uncontested Calendar and proof was offered before me in open court in support of plaintiff’s plea for a divorce. A verified complaint has been filed but has not been served on defendant. Plaintiff bases her action on two new grounds for divorce provided by the Divorce Reform Law — abandonment (Domestic Relations Law, § 170, subd. [2]) and confinement of defendant to prison (Domestic Relations Law, § 170, subd. [3]). The claim of abandonment is adequately supported by plaintiff’s testimony that her husband left the marital home on February 19, 1961, has never returned and that he has told her on several occasions that he had no intention of coming back. It is further substantiated by the testimony of her attorney that defendant also informed him that he had no intention of ever returning to his wife and child. In the circumstances, I hold that abandonment has been sufficiently established to justify plaintiff’s plea for a divorce (16 N. Y. Jur., Domestic Relations, § 781). This court has also ruled that since abandonment is a continuing violation of a spouse’s marital obligations, the action will not be barred by statutory limitation and further that within the intent and purpose of the Divorce Reform Law, retroactive application of subdivision (2) of section 170 of the Domestic Relations Law is possible and justifiable here (Smith v. Smith, 55 Misc 2d 172).
The further basis for plaintiff’s suit is “ The confinement of the defendant to prison for a period of three or more consecutive years after the marriage of plaintiff and defendant ” (Domestic Relations Law, § 170, subd. [3]). The evidence offered in support of this ground is marginal and raises some difficult questions. I have some doubts as to the “ consecutive ” features of his confinement and whether retroactivity may not also be barred here. However, in view of the established ground of abandonment, it is unnecessary to further explore this phase.
Collateral to her plea, for divorce, plaintiff asks in her complaint for custody of an infant child, issue of the marriage, support for herself and for this child and for an allowance of counsel fees. At the time of the hearing however, she waived her own claim for alimony and now asks only for custody and *729 support of tlio child and for her attorney’s fees. Although the summons served upon the defendant apprised him only of the main prayer for divorce, I believe that this court has the right and power to grant the incidental relief here demanded by plaintiff. Implicit in most matrimonial causes where the court has gained jurisdiction by personal service upon the defendant, is the need for consideration and disposition of questions relating to custody and support of issue of the marriage, etc. (Domestic Relations Law, § 232) as did the provisions in section 1167 of the Civil Practice Act and subdivisions 9 and 10 of rule 53 of the Rules of Civil Practice require that if the complaint be not personally served with the summons, the summons shall bear an appropriate indorsement advising defendant as to the nature of the action. In view of section 211 of the Domestic Relations Law no complaint can now be served with the summons and the only notice of the object of the action given to defendant is the indorsement on the summons. It is my opinion that the ends of justice would be better served and that it would be desirable that the summons served on the defendant in a matrimonial matter also alert him to the fact that plaintiff is seeking collateral relief such as custody and support for infant issue, counsel fees, exclusive possession of a matrimonial domicile, etc. I have seen a printed form of summons available to attorneys which substantially meets these objectives and I would recommend use of this or a similar form. I believe further that the Legislature should in connection with projected amendments in the Divorce Reform Law seriously consider some form of amendment to section 232 for the above purposes as well.
Where as here, plaintiff has fulfilled the technical requirements of section 232, defendant cannot by his failure to appear or answer deprive her of the all-important rights of custody and support of a child. The complaint on file adequately demands it. There is even precedent for granting alimony where there is no such demand in a" pleading (Galusha v. Galusha, 138 N. Y. 272, 281). This court is vested with wide discretion both by statute (Domestic Relations Law, § 240) and precedent (see Johnson v. Johnson, 25 A D 2d 672; Rothenberg, Matrimonial Allowances in New York, pp. 104-106) in determining questions of custody and maintenance of children. The same rationale which governs the power of the court, to award alimony in an undefended matrimonial cause will control the right to award counsel fees. If statutory justification be required it is adequately provided by section 237 of the Domestic Relations Law.
Defendant has a history as a drug addict, has been indicted on morals charges and has served a sentence on a plea to assault *730 third' His background leaves a great deal to be desired. His earnings and his capacity for earning have been and are minimal. Any further recital here of his past activities would probably impair his future earning capacity even further. Counsel for plaintiff has personally investigated defendant’s present employment and has established that his wages are now $80 per week gross. Defendant is directed to pay to plaintiff the sum of $15 per week for support of the infant issue, to commence as of the date this decision appears in the New York Law J ournal. He is further ordered to pay to plaintiff as and for her counsel fees here the sum of $200, one half within 30 days after entry of the order hereon and the balance 60 days thereafter.
Submit judgment accordingly. Plaintiff is directed to send a copy of this decision to defendant by certified mail.