David F. Lee, Jr., J.
In this action for divorce brought on the grounds of cruel and inhuman treatment of the plaintiff by the defendant, and abandonment, (Domestic Relations Law, § 170, subds. [1], [2]), in which plaintiff “ demands judgment * * * awarding temporary and permanent alimony for the maintenance of plaintiff ’ ’ and other relief, plaintiff moves for ‘ ‘ an order striking the first affirmative defense, paragraphs 2 through 4 of the answer as scandalous and prejudicial.” Other motions made on behalf of the plaintiff were determined by the court at the time of oral argument.
The affirmative defense that plaintiff seeks to have stricken alleges that “ the plaintiff committed adultery ” at about the same time, August, 1964, that plaintiff’s complaint alleges that the cruel and inhuman treatment of plaintiff by the defendant commenced.
*219 The primary question for determination is whether any defense or defenses, that is, the traditional defenses, defenses other than the Statute of Limitations, are available in divorce actions brought on the new grounds, the new ‘ ‘ fault ’ ’ grounds, provided in the ‘ ‘ Divorce Reform Law ’ ’ enacted by the Legislature in 1966, effective September 1, 1967.
Chapter 254 of the Laws of 1966, the “ Divorce Reform Law,” in its title or heading states that it is “ An Act to amend the domestic relations law * * * repealing * * * section one hundred seventy-one ”. However, no reference to section 171, which expressly authorizes defenses only in cases of adultery, is found in the text of the law, chapter 254. Since the Legislature did not repeal or amend section 171 of the Domestic Relations Law should the grounds, the ‘ ‘ fault ’ ’ grounds, for divorce now provided in section 170 be construed as being subject to the defenses, particularly the defense of recrimination, enumerated in section 171? The Legislature has specifically provided by section 202 of the Domestic Relations Law that “ The defendant in an action for separation from bed and board may set up, in justification, the misconduct of the plaintiff ”. There is no similar section or provision relating to an action for divorce, and there is no indication that the Legislature intended that the defenses set forth in section 171 should be available in an action based on the new “fault ” grounds for divorce.
Section 236 of the Domestic Relations Law pertaining to alimony was not revised under the “ Divorce Reform Law.” A wife who has been guilty of ‘ ‘ misconduct ’ ’ which ‘1 would itself constitute grounds for separation or divorce ’ ’ is barred under section 236 from an award of alimony. Plaintiff’s counsel states in a letter to the court since oral argument: “ I wish to repeat my offer to stipulate that the prayer for alimony be treated as stricken from the complaint in the event that you find that the defense of adultery should be stricken in its absence, but would be permissible in the answer as relevant to the prayer for alimony if the prayer for alimony remained; or in the alternative, in such event, to be granted leave to serve another amended complaint from which the prayer for alimony would be omitted.”
The question is then presented whether there should be a separate proceeding or trial as to the alleged “ misconduct ” of the plaintiff on the question or issue of alimony, if and when it is, in fact, presented.
The affirmative defense, recrimination, plaintiff seeks to have stricken should not bar the granting of plaintiff’s demand for judgment divorcing the plaintiff and defendant, though plaintiff *220 must show an absence of fault on her part, that the alleged cruelty was not provoked.
The issue raised by defendant’s answer of plaintiff’s alleged misconduct should be determined, if the defendant alleges it, as he has here, and wishes to litigate it. Though the plaintiff is willing to forego any demand for alimony, the direction with regard to alimony ‘ ‘ may be made in the final judgment in such action or proceeding, or by one or more orders from time to time before or subsequent to final judgment ”. The defendant should be permitted, if he so chooses, to have the issue of plaintiff’s alleged “ misconduct ” litigated and determined upon the trial of the action, and should not be required to leave the question or issue in suspense for possible determination on an application for alimony at some future time. It is also to be noted that CPLR 3018 (subd. [b]) provides that “ A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading ”.
The court concludes that plaintiff’s motion to strike the affirmative defense of adultery should be denied, without costs.