John R. Tenney, J.
Plaintiff seeks a divorce on the grounds of abandonment pursuant to section 170 (subd. [2]) of the Domestic Relations Law. There is no appearance by the defendant. The parties were married on November 24, 1962, and the defendant • husband left plaintiff without cause on September 9, 1964.
*377 In the course of her testimony plaintiff stated that she gave birth to a child on May 25, 1966. Although she gave the child the defendant’s name, there was ample proof that the defendant was not the father.
There are two issues raised by this line of testimony: (1) Can an adultery by the plaintiff which occurs within the two-year period of an alleged abandonment be used by the court as a complete defense in an uncontested case? and (2) Assuming that question to be answered in the negative, is the plaintiff entitled to a divorce by default when the defense is a necessary element of her proof?
Amended section 170 of the Domestic Relations Law does outline the available defenses to the new grounds for divorce. As to the abandonment cause of action, it states that “ An action for divorce may be maintained * * * on * * * the following grounds * * * (2) the abandonment of the plaintiff by the defendant for a period of two or more years.” There is no indication of an intent to eliminate those defenses available when adultery was the only ground for divorce.
It would appear that the actions of the plaintiff after the abandonment commenced could form the basis of a defense. The theory is that if the abandonment continues for two years, reconciliation is unlikely. However, misconduct by the plaintiff within the period could be a conclusive factor discouraging reconciliation. Thus, the defenses should be available at least with reference to the conduct of the plaintiff within the two-year period.
In contested cases under the old law, defenses such as con-donation, recrimination or connivance had to be pleaded affirmatively before any proof may be submitted. (McCarthy v. McCarthy, 143 N. Y. 235; Lowenthal v. Lowenthal, 157 N. Y. 236; Brehm v. Brehm, 263 App. Div. 289.)
In Romano v. Romano (19 N Y 2d 444), an annulment contest, involving a Statute of Limitations question, the court stated at page 447:
“ the'plaintiff has no obligation in respect of the three-year period which must be established affirmatively by a defendant who contests the action.”
‘ ‘ The general rule * * * simply stated: If a statute creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause. If a cause was cognizable at common law or by other statute law, a statutory time limit is commonly taken as one of limitations and must be asserted by way of defense.”
*378 Under the logic of this reasoning, and since section 170 (subd. [2]) attaches no conditions except the continuous abandonment for two years, any other defenses, in contested cases, must be pleaded and proven. This is the rule despite the fact that the expiration of the time period is established by plaintiff’s affirmative case. The court does not feel that the defendant is entitled to any different consideration because the plaintiff’s proof presents the defense. Some decisions have argued that public interest requires the court to take notice of an unpleaded defense in a matrimonial ease where public morality is involved. (Deitch v. Deitch, 161 App. Div. 492; Merrill v. Merrill, 41 App. Div. 347.) However, the court in Thompson v. Thompson (127 App. Div. 296, 298) stated: “ The courts have no right, on the score of public morality, to permit adultery of the plaintiff to be proved in a contested case unless it be pleaded as a defense * * * How, then, can it be suggested that it be proved and used by the court itself as a defense in an uncontested case. Public morality can no more require it in the latter case than in the former.” The Thompson decision apparently did not give much weight to the equity arguments raised in Deitch v. Deitch (supra) and Merrill v. Merrill (supra). Since divorce is basically an equity action, the traditional equity principles should not be completely disregarded in favor of a narrow interpretation of the law. However, the new divorce law intended to eliminate the fictional marriage which was completely dead except for the technicality of the law, or some equitable principle which often created unnecessary problems and grosser inequities.
In this case, the abandonment, even since the birth of the child, has exceeded the statutory period. The defendant has indicated no intention of resuming the marriage. He should not be permitted to benefit from the law which he does not seek and which can only bring further harm to the plaintiff. To bar the plaintiff from a divorce will not advance the cause of public interest or morality. (Kaplan v. Kaplan, 56 Misc 2d 860.) The motion for a judgment of divorce is granted.