Leo Brown, J.
This is an action for divorce upon the grounds of cruel and inhuman treatment.
The parties were married in 1945; the acts of cruelty took place in or about May, 1950, and they have lived separate and apart since 1951. Plaintiff commenced this action by service of a summons on May 2, 1970, and defendant appeared by filing a notice of appearance but has defaulted in pleading.
The main issue before the court is whether plaintiff is entitled to a judgment of divorce where the acts of cruelty admittedly took place approximately 20 years before the action was commenced and the defendant had defaulted in pleading.
Prior to the enlargement of the grounds for divorce in New York in 1967, the sole ground was adultery. No divorce was permitted, even though the adultery of the defendant was established and was not condoned, where the action was not commenced within five years after the discovery by the plaintiff of the offense charged. (Domestic Relations Law, § 171, subd. 3.) Although this five-year provision was held to be a Statute of Limitations (Ackerman v. Ackerman, 200 N. Y. 72), the plaintiff in an action for divorce on the ground of adultery was required to prove certain things by affidavit or otherwise, one of which was that five years had not elapsed since the discovery of the fact that such adultery had been committed and that the plaintiff had not voluntarily cohabited with defendant since such discovery. (Domestic Relations Law, § 174, cl. [2] ; repealed L. 1966, ch. 254, § 4.) Thus, section 174 of the Domestic Relations Law required the plaintiff to negative certain possible defenses, including the five-year limitation, in order to obtain judgment in the event of the defendant’s suffering a default. (McCarthy v. McCarthy, 143 N. Y. 235 ; 18 Carmody-Wait, New York Practice, § 64, p. 179.) With the enactment of the new divorce law, however, section 174 was repealed (L. 1966, ch. 254, § 4) and replaced with section 211 of the Domestic Relations Law. According to section 211, a final judgment shall not be entered in a matrimonial action upon default in pleading without satisfactory proof of the grounds therefor. It is no longer required in a matrimonial action that a plaintiff negative any possible defenses of the defendant. Therefore, all that is required in order to obtain judgment wljiere a defendant defaults *259 in a matrimonial action is that plaintiff offer satisfactory proof of the grounds upon which the action is based. (Domestic Eelations Law, § 211.)
Section 210 of the Domestic Relations Law provides: “No action for divorce or separation may be maintained on a ground which arose more than five years before the date of the commencement of that action for divorce or separation, except ” (for certain grounds not applicable herein). This section was enacted into law at the same time that the new grounds for divorce were established (L. 1966, ch. 254). Section 210 is included in article 11-A of the Domestic Relations Law, which is entitled: ‘ ‘ Special Provisions Relating To Divorce And Separation.”
In the instant action, plaintiff has established acts of cruelty by the defendant. Although subdivision (1) of section 170 of the Domestic Relations Law has been held to be retroactive (Wenderlich v. Wenderlich, 34 A D 2d 726 ; Yoli v. Yoli, 55 Misc 2d 416), there remains the question whether plaintiff is required to prove as part of the grounds for the divorce that the acts of cruelty did not arise more than five years before the commencement of the action.
The answer to this question thus turns upon whether the time limit for the commencement of the action is an inherent part of the cause of action itself or whether the time stated is to be looked upon as providing a Statute of Limitations. (Romano v. Romano, 19 N Y 2d 444.) If time is integral with the cause of action, the plaintiff must establish as part of his case that five years have not gone by since the acts of cruelty took place, and this whether or not the defendant defaults. If the time stated is merely a Statute of Limitations, the plaintiff has no longer any obligation in respect to the five-year period, and this must be established affirmatively by a defendant who contests the action. (Romano v. Romano, supra.) The general rule is: “If a statute creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause. If the cause was cognizable at common law or by other statute law, a statutory time limit is commonly taken as one of limitations and must be asserted by way of defense ”, (Romano v. Romano, supra, p. 447.)
Although divorce in New York is purely statutory (Burtis v. Burtis, Hopk. Ch. 557 ; Wood v. Wood, 2 Paige Ch. 108 ; Walker v. Walker, 155 N. Y. 77 ; Bishop v. Bishop, 62 Misc 2d 436) and section 170 of the Domestic Relations Law literally creates the *260 cause of action for divorce upon the grounds of cruel and inhuman treatment, this court is of the opinion that section 210 of the Domestic Relations Law establishes a Statute of Limitations and is not a condition precedent to the divorce action. This result is in accord with the opinions expressed by certain authorities in the field of domestic relations law. (See Boardman’s New York Family Law, § 202, p. 807 ; 1 Foster and Freed 1970 Cumulative Supplement, § 7:7.)
It appears that it was the intent of the Legislature to retain the five-year Statute of Limitations in regard to actions for divorce. (Smith v. Smith, 55 Misc 2d 172, citing the 1966 Report of the Joint Legislative Committee of the Legislature, p. 98 ; cf. Ackerman v. Ackerman, 200 N. Y. 72, supra; Hanscom v. Hanscom, 57 Misc 2d 218.) This intent is evidenced by the fact that the limitation provision is contained in a different article of the Domestic Relations Law (art. 11-A) from that specifying the grounds for divorce (art. 10) (see Boardman’s New York Family Law, supra). The time provision is not so attached as to become integral with the cause of action. Section 210 applies not only to divorce but also to an action for separation and the time limitation therein is clearly a Statute of Limitation with regard to separation actions since such cause of action was cognizable by previous statute law (Domestic Relations Law, § 200, as amd. by L. 1966, ch. 254 and L. 1968, ch. 702 ; Romano v. Romano, supra). It would, therefore, be unreasonable to construe section 210 as both a condition precedent to an action for divorce and a Statute of Limitations as to a separation action based upon the same grounds. This is especially so since article 11-A of the Domestic Relations Law containing sections 210 and 211 is intended to be equally applicable to divorce and separation actions.
The court’s conclusion that section 210 of the Domestic Relations Law was intended by the Legislature to be a Statute of Limitations and not a condition precedent to an action for divorce is further evidenced by the policy underlying the new divorce law. As stated by the Court of Appeals in Gleason v. Gleason, (26 N Y 2d 28, 35-36): “Implicit in the statutory scheme is the legislative recognition that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status and that the best interests not only of the parties but of society itself will be furthered by enabling them ‘ to extricate themselves from a perpetual state of marital limbo. ’ (Adelman v. Adelman, 58 Misc 2d 803, 805 ; see, also, Wadlington, Divorce Without Fault Without Perjury, 52 Va. L. Rev. 32, 81-87.) ”
*261 With this principle in mind, it would be unreasonable to assume that the Legislature intended the five-year provision to be a condition precedent of a cause of action to end a dead marriage. It is reasonable and more consistent with the policy behind the five-year provision to construe it as a defense to be affirmatively raised by the defendant. The purpose of the five-year limitation is to show a presumption that the. injured party has pardoned or remitted the offense. (See Ackerman v. Ackerman, supra, Williamson v. Williamson, 1 Johns. Ch. 488.) This limitation was originally intended to be a defense (Ackerman v. Ackerman, supra) and it is this court's opinion that the Legislature continued this policy in enacting section 210 of the Domestic Relations Law.
In the instant case, therefore, the court may proceed to award the judgment of divorce since the defense of the Statute of Limitations has been waived by the defendant.
Accordingly, judgment of divorce will be granted the plaintiff.