Robert P. Kennedy, J.
Plaintiff brings this action for divorce against defendant pursuant to subdivision (5) of section 170 of the Domestic Relations Law of the State of New York.
Defendant defaulted in appearing, answering or in otherwise contesting the action.
The proof adduced shows that plaintiff is entitled to a decree. The only question remaining is plaintiff’s prayer for judgment awarding her custody of the three minor children of the parties, support and maintenance for herself, and a referral of the issue of support for the children to Family Court. The last stated request presents no problem and is so referred.
The question about the request for custody is raised by the fact that, as disclosed by the complaint herein and the proof offered at the trial, a decree of separation was granted in the Probate Court of the County of Suffolk, State of Massachusetts which, among other things, awarded custody of these children to the defendant in this proceeding. In view of this judgment of a court of a sister State, can this court grant plaintiff’s prayer for relief or is it barred by the full faith and credit clause of the United States Constitution? Counsel for plaintiff has submitted an excellent memorandum on this point. As he points out, the United States Supreme Court has never explicitly ruled on this question and, with due respect to that court, has, when presented with the opportunity to answer the question and clarify the situation, gone down the other road and added to the existing confusion. It seems that the court will have a difficult time in avoiding the issue in the aftermath of People ex rel. Scarpetta v. Spence-Chapin Adoption Serv. (28 N Y 2d 185).
There are too many unanswered questions of fact in this case, such as, were plaintiff and defendant present and did they both appear in the Massachusetts proceeding, were the children in the State of Massachusetts at the time, how did the mother, plaintiff, herein, get physical custody of the children — too many unanswered questions to really deal with the problem.
These questions seem to fit right into the caveat expressed by the Court of Appeals in Matter of Berlin v. Berlin (21 N Y 2d 371, 377, cert. den. 393 U. S. 840).
*1076 It is always pleasant to be able to find a way around a problem and to avoid the necessity of meeting it head on. While it is true that we have no direct answer to the question posed, the plaintiff mother’s request for custody can be dealt with without doing possible violence to the constitutional provisions mentioned. Section 654 of the Family Court Act gives direct, statutory permission for that court to confront the situation head on, apparently, with no constitutional problems. There is no comparable statute under which Supreme Court can act. In addition, the language in People ex rel. Botella v. Botella (21 A D 2d 871, 872), that “ The Family Court is equipped and competent to handle a matter of this nature ”, is particularly appropriate. Matter of Adams v. Rhoades (56 Misc 2d 249, 252) is to the same effect: “ The Fourth Department has also ruled that a court of general jurisdiction does not usually have the facilities to ascertain the ‘ best interests of the child ’ ”. We can thereby avoid the constitutional issue and comply with the statements from the Fourth Department by referring the custody issue to Family Court.
The issue of support and maintenance for the children is also referred to Family Court, as is the request for alimony or support for plaintiff, which court has jurisdiction under section 466 of the Family Court Act (Smith v. Smith, 60 Misc 2d 692).
An issue that has bothered me since the advent of section 211 of the Domestic Relations Law, which prohibits the service of a complaint in the action at the time of the service of the summons and for 120 days from the date of the filing of a notice of commencement of the action or the termination of conciliation proceedings, is the propriety of granting the collateral relief, that is child custody, child support, and alimony, requested in a complaint which is never served on a husband who defaults in appearing. He has notice only that the proceeding is an ‘ ‘ Action for a divorce ”, or whichever matrimonial action is brought, but receives no notice that other issues will be resolved. Fortunately, at least for now, the issue was faced in Giella v. Giella (55 Misc 2d 727) and, until a higher court says otherwise, this court will follow that decision.
To digress a moment, our Legislature’s attention should be called to the ambiguity between section 211 of the Domestic Relations Law, which bars the service of the complaint at the time the summons is served, and section 232 of the same law, which requires that the nature of the action be written or printed on the face of the summons ‘ ‘ if the complaint is not personally served with the summons ”. The Bar could render this issue moot if they followed Justice Heller’s suggestion in Giella (supra), or *1077 by prevailing on the Legislature to authorize the service with the summons of a notice of petition and petition for the collateral relief requested which is now limited by section 211 to requests for temporary alimony, child support and counsel fees.
Having referred these matters concerning custody, support and alimony to Family Court, I will now confess that the alimony referral could well be an exercise in futility. The defendant husband is not a resident of this State, so the process of the Family Court will be ineffective against him (Family Ct. Act, § 154; Moses v. Moses, 193 Misc. 890). The plaintiff will then be forced to make application under the Uniform Support of Dependents Law, sections 30-43 of the Domestic Relations Law. The Appellate Division, Third Department, in Matter of Fleischer v. Fleischer (24 A D 2d 667) in dealing with these sections said, ‘ ‘ Since our statute imposes liability on a husband only for the support of his wife, the court did not err in failing to grant support to the petitioning former wife ’ ’. Under this holding, once the decree of divorce is signed and entered this avenue of relief will be cut off.
This court would set the alimony here and now, but there has been offered no evidence to support such an award. There is proof that plaintiff is receiving welfare benefits but no proof at all of the defendant’s situation and this court does not have the benefit of the presumption the Family Court has under section 437 of the Family Court Act.