■ FRANCES MANERI, Respondent, v SALVATORE MANERI, Appellant.— In a special action pursuant to section 170-a of the Domestic Relations Law, defendant appeals from an order of the Supreme Court, Nassau County, dated October 12, 1976, which denied his motion to dismiss the complaint and for summary judgment. Order affirmed, without costs or disbursements. The sole issue on this appeal is the constitutionality of section 170-a of the Domestic Relations Law. For the reasons expressed in *Coffman v Coffman* (60 AD2d 181), we uphold the constitutionality of the statute. Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.

■ STEWART MARYON, Appellant, v ELIZABETH MARYON, Respondent.— In an action for a divorce on the ground of abandonment, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated September 27, 1976, which dismissed the complaint. Judgment reversed, on the law, without costs or disbursements, and judgment is directed to be entered in favor of plaintiff, granting a divorce. The parties were married in 1953. In 1975 the plaintiff husband commenced an action for a divorce on the ground of abandonment (see Domestic Relations Law, § 170, subd [2]). The complaint alleged that defendant had abandoned plaintiff in March, 1954. Defendant defaulted. Plaintiff testified at the inquest in support of his complaint. By a judgment dated September 27, 1976, the court found that plaintiff's conduct justified defendant's departure, and dismissed the complaint. In our opinion, plaintiff was entitled to a divorce on the ground of abandonment (see *Giella v Giella,* 55 Misc 2d 727; *Bigelow v Bigelow,* 62 Misc 2d 376). Defendant had the burden of pleading and proving the defense of justification (see *Bigelow v Bigelow, supra).* She never raised the defense and defaulted. Although plaintiff's testimony disclosed the possibility of a defense to the action, he was entitled to judgment because he made out a prima facie case of abandonment and defendant did not plead nor prove the defense of justification (see Domestic Relations Law, § 211; *Bigelow v Bigelow, supra).* In an undefended matrimonial action there is no requirement that the plaintiff must negative any defense which might possibly have been raised by the defendant (see *Figueroa v Figueroa,* 66 Misc 2d 257). Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.

■ VERA MCGINN, Respondent, v JOHN MCGINN, Appellant.—In a matrimonial action, defendant appeals from an order of the Supreme Court, Queens County, dated October 14, 1976, which denied his motion to eliminate his obligation to make alimony payments or, in the alternative, to compel plaintiff to contribute to the education expenses of the children of the marriage. Order reversed, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith. Defendant-appellant moved to eliminate his obligation to make alimony payments or, in the alternative, to compel plaintiff-respondent to contribute to the college education expenses of their children. Although conflicting facts were presented, Special Term denied the application on the merits without a hearing. Such denial, under these circumstances, was an improvident exercise of discretion (see *Dostanko v Dostanko,* 57 AD2d 885). A hearing is necessary to determine the financial capabilities of the parties in order to properly determine the motion (cf. *Matter of Carter v Carter,* 58 AD2d 438). Hopkins, J. P., Rabin, Shapiro and O'Connor, JJ., concur.

■ ARTHUR NOVIS, as Administrator of the Estate of EVELYN NOVIS,