opinion of the court
William R. Geiler, J.
This is a motion by plaintiff for an order vacating the judgment of divorce granted her on February 18, 1983 (Geiler, J.). It appears that this matter was commenced by service of a summons on or about June 24,1982. Defendant defaulted in responding to the summons and to the complaint subsequently served on defendant. The summons as served contained the statutory notice for divorce (Domestic Relations Law, § 232) and requested as ancillary relief simply, “such other relief as this court may deem just and proper.” The wherefore clause of the complaint also simply requested the same “such other relief.” The action was processed as an uncontested divorce action on the court’s “submit” calendar, and no inquest was, therefore, taken. Plaintiff now avers that there is marital property consisting of several parcels of real property both within and without the State of New York which plaintiff seeks an equitable share of. The court denies the motion to vacate.
The courts, under prior law, formerly held that ancillary relief could be awarded in undefended actions even though the summons did not specify that such relief would be *84 requested. Nonetheless, the courts suggested that as an appropriate safeguard the Legislature should consider imposing a requirement that the summons alert defendant to the fact that plaintiff would be seeking ancillary relief, particularly where no complaint was served (see Giella v Giella, 55 Misc 2d 727; Reeves v Reeves, 57 AD2d 661, mot for lv to opp dsmd 42 NY2d 802). The 1978 Judicial Conference Report on the CPLR concluded that the practice of granting ancillary relief in undefended matrimonial actions without notice to the defendant was undesirable, constitutionally dubious and out of harmony with then contemplated (and subsequently enacted) CPLR provisions with respect to the service of summonses with notice (see McKinney’s Session Laws of NY, 1978, p 1887). The Legislature acted upon this recommendation by amending section 232 of the Domestic Relations Law to require that a summons which is unaccompanied by a complaint must specify the nature of any ancillary relief demanded. (L 1978, ch 528, § 6). The statute requires only that the “nature” of the ancillary relief be specified. Thus, a general reference to “maintenance”, “child support”, “custody of the infant issue of the marriage”, “equitable distribution of marital property”, etc., would be sufficient to comply with this section, the object of which is to assure that a defendant is apprised of the sort of relief that may be assessed, in addition to a judgment affecting the marital status, in the event of a default so that the defendant understands the consequences of a default.
For the same reasons, if the summons is served with the complaint, the summons need not specify the nature of the ancillary relief requested, at least if such relief is described in the ad damnum clause of the complaint (see Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law, C236B:31, C232:2, 1982-1983 Pocket Part, pp 148, 16).
Here, equitable distribution of the parties’ marital property was requested neither on the face of the summons, nor in the ad damnum clause of the complaint. The judgment of divorce has converted any property held as tenancy by the entirety to tenancy in common. Accordingly, this motion is denied in all respects.