Howard A. Zeller, J.
This is an uncontested action for divorce upon the ground that defendant husband has been confined to prison for a period of three or more consecutive years after the marriage. (Domestic Relations Law, § 170, subd. [3].)
The parties were married in Binghamton, New York on March 18, 1961 and have three children.
On December 3, 1963 defendant was convicted upon his plea of guilty to robbery in the first degree in violation of section 2124 of the Penal Law. He was sentenced to Attica Prison for an indeterminate term of not less than 10 years nor more than 20 years. He is still imprisoned and has been imprisoned for more than three consecutive years after the marriage.
However, his imprisonment since September 1, 1967, the date the new divorce law became effective, obviously amounts to less than three years. May that part of defendant’s imprisonment occurring prior to September 1,1967 he computed as part of the three or more consecutive years of confinement referred to in subdivision (3) of section 170 of. the Domestic Relations Law?
Concerning section 170 of the Domestic Relations Law (and other provisions of the new divorce law) the Legislature provided : ‘1 This act shall take effect September first, nineteen hundred sixty-seven provided that the two year period specified in subdivisions five and six of section one hundred seventy of the domestic relations law as added by this act shall not be computed to include any period prior to September first, nineteen hundred sixty-six ”. (L. 1966, ch. 254, § 15.) Subdivisions (5) and (6) of section 170 of the Domestic Relations Law relate to divorces where husband and wife have lived apart for two years after the granting of a separation decree or the filing of a separation agreement or memorandum thereof.
*183 It is significant that the Legislature did not restrict the computation of imprisonment specified in subdivision (3) to any particular period prior to the effective date of the new divorce law. Subdivision (3) only refers to “ a period of three or more consecutive years after the marriage ”. The Legislature prescribed a certain continuous period of time of imprisonment after the marriage but did not require the computation of that period to commence only after September 1,1967.
It has been held the two-year continuous period of abandonment as a ground for divorce pursuant to subdivision (2) of section 170 of the Domestic Relations Law may be computed to include a period of abandonment prior to September 1, 1967. (Packer v. Packer, 55 Misc 2d 74; see, also, Smith v. Smith, 55 Misc 2d 172.) There seems no reason to refuse to compute that part of imprisonment before September 1, 1967 as part of the three or more consecutive years required to give grounds for a divorce under subdivision (3).
Defendant’s confinement prior to September 1, 1967 may be added to his confinement after said date. Thus, he has been confined “ to prison for a period of three or more consecutive years after the marriage ” and plaintiff is entitled to a divorce upon that ground and sole custody of the children.