David F. Lee, Jr., J.
Plaintiff seeks a judgment of divorce against the defendant pursuant to subdivision (1) of section 170 of the Domestic Relations Law, “ cruel and inhuman treatment of the plaintiff by the defendant ”. The defendant is in default, and a certificate of “no necessity for any conciliation conference ” was issued by the Conciliation Commissioner on November 28,1967. The plaintiff’s proof has been heard by the court.
The plaintiff’s complaint alleges, and the proof submitted shows that defendant abandoned plaintiff “ on or about October 26, 1966.” The acts of cruel and inhuman treatment were committed over a period of time prior to October 26,1966. Though the proof submitted indicates that the defendant’s departure from the marital home may well ripen into an actionable abandonment of the plaintiff by the defendant, the two-year requirement of subdivision (2) of section 170 precludes plaintiff from now seeking a judgment of divorce on that ground.
Should the plaintiff be required to allege and prove acts of cruel and inhuman treatment on or after September 1, 1967? Should the plaintiff be required to wait until the two-year period *1064 has expired to commence an action for divorce on the ground of abandonment? Should subdivision (1) of section 170 of the Domestic Relations Law be construed as being retroactive?
Section 15 [L. 1966, ch. 254] of the bill, the ‘ ‘ Divorce Reform Law ”, enacted in 1966, provides that the act “ shall take effect September first, nineteen hundred sixty-seven ’ ’ implying that an action based on a “ fault ’ ’ ground might be started that very day, and, of course, the ‘ ‘ fault ’ ’ would have occurred prior to September 1, 1967. Section 210 of the Domestic Relations Law, so far as here pertinent, provides that ‘ ‘ no action for divorce or separation may be maintained on a ground which arose more than five years before the date of the commencement of that action ”, and goes on to except continuing abandonment and the two “ living apart ” grounds. (See Egli v. Egli, 56 Misc 2d 182 and cases cited.)
The court concludes that plaintiff should not be required to allege and prove further cruelty on or after September 1, 1967, and that the statute (Domestic Relations Law, § 170, subd. [1]) should be construed as being retroactive.
Judgment should be granted to plaintiff; the proposed findings of fact submitted by plaintiff are adopted by the court, and all matters pertaining to the custody, support and maintenance of the infant child of the parties hereto should be referred to the Family Court of the State of New York to hear and determine.